<hr/>

[No 401. Decided June 22, 1892.]

THE STATE OF WASHINGTON, *Respondent*, v. E. F. HUMASON, *Appellant*.

HABEAS CORPUS PENDING IN FEDERAL COURT—PROCEEDINGS IN STATE COURT.

Where a defendant convicted in a criminal prosecution in the superior court applies to the federal court for a writ of *habeas corpus*, and also appeals from the judgment of the superior court, the settlement of a statement of facts at his request is not a "proceeding against the person," etc., within the provisions of § 766, Rev. St. U. S., so as to render the act of the court in settling the statement null and void. Such action of the superior court was,

however, open to objection on the part of the state, pending the jurisdiction assumed by the federal court, but in the absence of objection at the time of settlement, a motion to strike the statement will not be entertained in the supreme court. (HOYT and DUNBAR, JJ., dissent.)

*Appeal from Superior Court, Spokane County.*

The facts are stated in the opinion.

*7. C. Griffitts,* and *Turner & Forster,* for appellant.

*W. C. Jones,* Attorney General, *S. G. Allen,* Prosecuting Attorney, and *Turner, Graves & McKinstry,* for the State.

The opinion of the court was delivered by

STILES, J.—The appellant was convicted of stealing neat cattle, March 7, 1891, and on the 20th of April, after denial of motions for new trial and in arrest, he gave notice of appeal.

On the 29th day of April he presented his statement of facts to the judge who tried the cause for settlement. The attorney for the state was present, and stated that he had no objections to the prepared statement, and the judge certifies that he would have then and there signed the statement, but that for his own convenience he retained it in his possession until August 25, when he did sign and certify it in the usual form, except as mentioned below

It appears that on the same day the judgment was entered, April 20, 1891, appellant applied to the United States district court, eastern division, for a writ of *habeas corpus* in his behalf, on some ground of invasion of his rights under the federal constitution by the state court in the matter of his arrest, trial and conviction. The writ was issued and a hearing had thereon, which resulted in a remand to the sheriff of Spokane county on May 4. When the service was made upon the sheriff, or when the hearing was had, does not appear. Neither does the pendency of the *habeas corpus* proceeding appear to have been made known to the

superior judge in any manner at or before the 29th day of April, when the proposed statement was submitted to him. But in the certificate to the statement, signed August 25, there appears a narration of the circumstances of the *habeas corpus* proceeding, and that an appeal had been taken from the district to the circuit court, in pursuance of which appellant had given a bond and been released from the custody of the sheriff. The certificate does not show that even when requesting the insertion of the statement concerning the *habeas corpus* in the certificate the attorney for the state objected to the certification of the statement by the judge.

The pertinency of the foregoing is due to the motion which the respondent now makes to strike the statement, because, as it is alleged, the judge who certified to it had no jurisdiction to do so, by necessary implication from § 766, of the Revised Statutes of the United States, which provides that pending proceedings in *habeas corpus* or appeals thereupon, and until final judgment therein, and after final judgment of discharge, "any proceeding *against* the person so imprisoned, or confined, or restrained of his liberty, in any state court, or by or under authority of any state, for any matter so heard and determined, or in process of being heard and determined, under such writ of *habeas corpus*, shall be deemed null and void."

No precedent in such a case as this is cited to our attention, but we are inclined, under the circumstances, not to grant the motion.

It is clear that, inasmuch as the appellant had voluntarily betaken himself to another and a superior jurisdiction for the adjudication of the question at issue, he had no right to demand, or have at the hands of the superior judge, any action whatever in his case. But the action taken was not one "against" him, in the sense of the statute. He moved for it himself; no objection was made

by the other side, and the act of settling the statement was performed solely for his benefit; and no possible result of the action can make his condition worse than it was before. The same is true of the transmission of the record by the clerk, and the filing of appellant's brief in this court.

But the state, in addition to its motion to strike, moves to dismiss the appeal, because: *First*, This court has no jurisdiction to hear the appeal, for the same reasons alleged against the jurisdiction of the superior judge to settle the statement; and, *secondly*, because the appellant has withdrawn himself from the custody of the state's officer, and refuses to submit to the judgment of this court when rendered.

The first point, we think, should be disposed of upon the same grounds as the motion to strike; and at this time we deny the relief based upon the second ground.

But we decline to hear the case while the appellant is at large under no obligation to the State of Washington to submit to the judgments of its courts, whether they be for or against him. He has given a bond, to be sure, upon his appeal to the circuit court; but his bond does not inure to this state, but to the United States. Upon an affirmance of the judgment of the district court, he may elect to forfeit his bond and go to parts unknown, where no process of the courts of this state can reach him. His absence from the custody of the sheriff of Spokane county has not the unlawful elements of an escape, but its effect, as to the enforcement of any judgment against him by this court, or the superior court, is precisely the same.

The case will be continued to the October session of the court, at which time a renewal of the motion to dismiss will be entertained, unless, by that time, the appellant shall have submitted himself to the jurisdiction of the state courts.

ANDERS, C. J., and SCOTT, J., concur.

HOYT, J. (*dissenting*).—I think this appeal should be dismissed. It was taken after the proceedings for *habeas corpus* had been instituted in the federal court. I interpret § 766 of the Revised Statutes of the United States differently from the majority of the court. In my opinion the state court was, by force of such statute, deprived of any authority to proceed at all in any action against the person who had thus appealed to the federal jurisdiction. I cannot believe that it was the intention of congress to provide that the state court might take steps in an action against such person if such action was in his favor or at his instance, and at the same time prevent it from making an order therein against such person. I think the statute intended to and did prohibit the state courts from moving at all in any action or proceeding against such person. This being so, it follows that by force of such statute every action of the court after such federal jurisdiction had been invoked was null and void. It follows that the proceedings on appeal were null and void, and this court has never had any jurisdiction thereof. This court, however, always has sufficient jurisdiction of a case which has been attempted to have been appealed to clear its records of it by dismissing the attempted appeal, and in my opinion such should have been the course in this action.

DUNBAR, J., concurs.