[No. 4370.    Decided November 15, 1902.]

THE STATE OF WASHINGTON, *Respondent,* v. FRANK J. FENTON, *Appellant.*

HABEAS CORPUS — EFFECT OF APPEAL — STAY OF CRIMINAL PROSECUTION.

An appeal from an order denying the writ of habeas corpus to a prisoner charged with the commission of a crime will not operate as a stay of proceedings on the criminal charge pending the determination on appeal of the habeas corpus proceedings.

ASSAULT WITH INTENT TO ROB — INSTRUCTIONS — LESSER OFFENSE.

Where the defendant was upon trial on an information charging him with an assault with intent to steal the property of another, it was not error to refuse a requested instruction that the jury could bring in a verdict of attempt to commit robbery.

SAME — COMMENT ON FACTS.

The use by the court of the language "that in making the assault he intended to use whatever force might be necessary to overcome the prosecuting witness and accomplish his purpose—that of robbery," does not amount to a comment on the testimony, where it was immediately preceded in the same instruction by the charge, "if you believe from the evidence beyond a reasonable doubt that at the time in question he committed an assault upon the prosecuting witness for the purpose of robbery."

SAME — CREDIBILITY OF WITNESSES.

A charge to the jury that "you are judges of the credibility that ought to be given to the testimony of the different witnesses, and you are not bound to believe anything to be a fact because a witness has stated it to be so, provided you believe from all the evidence that such witness is mistaken, or has knowingly testified falsely," is a proper statement of the law, without the addition of the qualifying words, "unless corroborated by other competent evidence."

TRIAL — ARGUMENT OF PROSECUTING ATTORNEY — HARMLESS ERROR.

A case will not be reversed because of a misstatement of the law made by the prosecuting attorney in addressing the jury, when there was apparently no intent to misstate the law, and no instruction was asked by the defendant from the court for the purpose of correcting the misstatement.

EXCESSIVE PUNISHMENT.

A sentence of twelve years in the penitentiary upon a conviction for assault with intent to rob will not be disturbed on appeal as being excessive punishment, when it appears that the defendant was a dangerous man, of depraved mind, and that the instrument used was liable to cause loss of life.

Appeal from Superior Court, Snohomish County.— Hon. JOHN C. DENNEY, Judge. Affirmed.

*Frank B. Wiestling,* for appellant.

*H. D. Cooley,* Prosecuting Attorney, for the State.

The opinion of the court was delivered by

DUNBAR, J.—The information upon which the appellant was convicted is as follows:

"Comes now H. D. Cooley, county and prosecuting attorney in and for Snohomish county, Washington, and by this his information accuses F. J. Fenton and Edward Costello of the crime of assault with intent to commit a felony, committed as follows, to-wit: That in the county of Snohomish and state of Washington, on the 19th day of October, 1901, said F. J. Fenton and Edward Costello, in and upon the person of one Oscar Combs unlawfully and feloniously did make an assault, with intent then and there unlawfully and feloniously by violence and putting in fear, from the person of him, the said Oscar Combs, the moneys, goods, and chattels of him, the said Oscar Combs, to take, steal, and carry away; contrary to the form of the statute," etc.

A separate trial was demanded. Costello was tried, and, before the trial of appellant was reached, he (appellant) made application for a writ of habeas corpus before the superior judge of Snohomish county, alleging that he was unlawfully restrained of his liberty, because he had had no trial under said information, and more than sixty days' time had passed since the same was filed. Issue of fact was joined on said application for discharge by habeas corpus, and the superior court, on March 11, 1902, dismissed the petition, and remanded the petitioner to the custody of the sheriff of Snohomish county, to which exception was then and there taken by petitioner, and he then and there immediately gave notice in open court that he appealed therefrom to the supreme court of this state. This appeal is now pending. No supersedeas was requested, and none was granted. Upon giving the above notice of appeal, appellant moved the court for an order dropping this cause from the trial calendar, which was denied. The

trial proceeded, and resulted in the conviction of the appellant. Judgment was pronounced, sentencing the defendant to imprisonment in the penitentiary for twelve years. From such judgment this appeal is taken.

The first error alleged is that the court erred in refusing to strike this case from the trial calendar, in overruling appellant's objection to proceed with the trial, and in going on with the trial and proceeding to judgment and sentence after notice of appeal to the supreme court had been given in the habeas corpus case. It is the contention of the appellant that, after the notice of appeal was given, the appellant was under the sole and exclusive jurisdiction of the supreme court; that the questions as to the validity of the information and the legality of his restraint are transferred to this court for determination, and the superior court ceases to have any jurisdiction over his person or over the subject matter of the action; that, under such circumstances, the judgment and sentence of the lower court were *coram non judice,* and null and void; that the appeal from a judgment of remand in a habeas corpus case by the petitioner operates as a stay of all other proceedings, and all other processes, including the warrant under the information by which the appellant was being held, and that this court became at once the legal custodian of the appellant; and that the effect of the appeal was to place the case in the same position as if it was an original application to this court for habeas corpus. Appellant cites 9 Enc. Pl. & Pr., p. 1029, to the effect that a writ of habeas corpus issued by an appellate court acts as a supersedeas suspending the powers of the court below, and all proceedings had by an inferior court after the issuance of the writ are erroneous, and *coram non judice*; and 15 Am. & Eng. Enc. Law (2d ed.), p. 213, to the effect that the writ of habeas corpus is paramount to and supersedes all other writs and

processes under which the party may be detained. Of
course, the first citation is literally true, for the object of a
writ of habeas corpus is to suspend the operation of the
lower court until the rights of the petitioner are determined
thereunder. But that is where the writ issues out of the
appellate court, and it is the common language of courts,
as expressed in the second citation, that the writ of habeas
corpus is paramount to and supersedes all other writs and
processes under which the party may be detained. While
this language is sweeping, however, an examination of the
cases cited by the authors referred to, upon which the texts
were founded, shows that the expressions quoted were not
used in cases involving the principles involved in this con-
test. So with the cases from this court cited by appellant.
These are cases where the appeal was taken in the habeas
corpus case, and the principles discussed were in relation to
errors committed in the trial of the habeas corpus case in
the lower court. The one exception is the case of *State v.
Humason,* 4 Wash. 413 (30 Pac. 718), but the decision in
that case was based upon a section of the Revised Statutes
of the United States which covered the case in point. This,
unlike any other case, is the attempted injection of the
habeas corpus proceedings into the trial of another case
which is on appeal to this court. When the writ was de-
nied by the lower court, and the applicant remanded, that
was the end of the case, so far as the stay of the case then
pending was concerned, and must necessarily be so to in-
sure the orderly and effective administration of justice.
This court placed a very liberal construction upon the stat-
ute when it sustained the right of appeal in habeas corpus
cases, and it is not inclined, nor do we think the law com-
pels us, to go to the extent of aiding defendants in criminal
actions to prevent indefinitely a trial of causes on the
merits by repeated applications for writs of habeas corpus

and appeals from the decisions in such cases if the applications are unsuccessful, which would be the result of sustaining appellant's contention.    If this contention can be sustained at all, it can be so only on the theory that the appeal by virtue of itself worked a stay of proceedings. If there is a stay, it is by force of the statute, and we are not cited to any statutory provision in that regard.    The statutory provisions for a stay in either a civil or criminal action are found in §§ 6506 and 6529, Bal. Code, and neither contemplates a stay in a case of this kind.    A habeas corpus proceeding cannot be said to be a criminal action, for, while it is frequently invoked by criminals or persons charged with crime, it is not a criminal action, so far as the parties to the cause are concerned.    Its office is to inquire into the legality of the custody of the applicant, and sometimes the applicant is charged with crime; but it is frequently sued out for the purpose of determining the proper care and legal custody of children, and is in no sense criminal in its application.    In this case we think the appeal from the habeas corpus proceedings did not stay the proceedings in the criminal cause, and that the court did not err in refusing to strike the cause from the docket.

Appellant requested the court to instruct the jury that they could bring in a verdict of attempt to commit robbery, and the refusal of the court to so instruct is the second assignment of error.    The court did instruct the jury that they could bring in a verdict of simple assault, or an assault and battery, and we think this is as far as it should have gone.    The information, under the provisions of the statute, charged the defendant with an assault with intent to steal the property of another, and we hardly see how the question of assault can be eliminated from the attempt under this statute.    It will be noted that the information did not charge the substantive crime, but an as-

sault with intent to commit the crime. We think the instruction was properly refused.

The following instruction of the court is alleged as error on the ground that it was a comment upon the testimony:

"You are further instructed that you should convict the defendant of assault, with an intent to commit robbery, if you believe from the evidence beyond a reasonable doubt that at the time in question he committed an assault, or aided or advised the assault, upon the prosecuting witness for the purpose of robbery, and that in making the assault he intended to use whatever force might be necessary to overcome the prosecuting witness and accomplish his purpose,—that of robbery."

We are unable to see that there is any element of comment on the testimony in this instruction. The jury certainly understood, when the court said "that in making the assault" and words following it was connecting those words with the preceding portion of the instruction, "if you believe from the evidence beyond a reasonable doubt" that he did, etc.

The fourth assignment is that the court erred in charging the jury to disbelieve a witness who was mistaken, or had knowingly testified falsely, without the qualification "unless corroborated by other competent evidence." It is a sufficient answer to this to say that no such charge was given by the court. The instruction was as follows:

"You are further instructed that you are judges of the credibility that ought to be given to the testimony of the different witnesses, and you are not bound to believe anything to be a fact because a witness has stated it to be so, provided you believe from all the evidence that such witness is mistaken, or has knowingly testified falsely."

This was a proper statement of the law. The jury were not told in said instruction that they must disbelieve the witness, and the last proviso, "provided you believe from

all the evidence that such witness is mistaken, or has knowingly testified falsely," covers in effect the ordinary statement which the appellant insists upon having interjected, namely, "unless corroborated by other competent evidence."

The fifth assignment is that the court erred in overruling the demurrer to the information. The information in this case was sustained by this court in the case of *State v. Costello*, 29 Wash. 366 (69 Pac. 1099); but, as an independent proposition, we think the information was sufficient.

In regard to the next assignment,—that the court erred in denying appellant's motion for a new trial, for the reason that the verdict was contrary to law and the evidence, and the evidence was insufficient to justify the verdict,—an examination of the record convinces us that there was ample testimony to warrant the verdict.

The seventh assignment relates to the objections made to forms of questions and colloquies between the prosecuting attorney and a witness, William Spurrell. While these questions seem to be somewhat leading, the circumstances under which the testimony was produced in court, as shown by the record, justified, we think, the questions asked.

The eighth assignment is in regard to objections to a statement made to the jury by the prosecuting attorney in reference to the law. It is frankly admitted by the prosecuting attorney that the statement made was a misstatement of the law in reference to the use of depositions, but he asserts that he thought at the time he was stating the law correctly, and, as there seemed to be no intent to misstate the law, and as the appellant did not ask the court for any instruction on the law in that regard, we do not think that he can urge the objection here. In any event, we do not think that the statement was of sufficient importance to warrant a reversal of the case.

The ninth assignment—in regard to the introduction of pieces of hose offered in evidence—was passed upon by this court in opposition to appellant's contention in *State v. Costello, supra.*

The last assignment is that the court erred in abusing its discretion in the severity of the sentence imposed, namely, twelve years in the penitentiary; and a very earnest plea is made by counsel for appellant for the modification of the sentence by this court. But, while twelve years seems to be somewhat severe, an examination of the record in this cause convinces us that the appellant was of a very depraved mind, and a dangerous man in a community; and that when this assault was made it was made with the knowledge that it was liable to result in loss of life. Under all the circumstances as shown by the record, we feel unwilling to disturb the judgment of the trial court in that respect.

The judgment in all things will be affirmed.

REAVIS, C. J., and FULLERTON, ANDERS and MOUNT, JJ., concur.