[No. 8502. *En Banc.*  November 26, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Ortis Hamilton, Plaintiff*, v. THE SUPERIOR COURT FOR THURSTON COUNTY, *Respondent.*[1]

PROHIBITION—TO COURTS—TO RESTRAIN TRIAL PENDING APPEAL IN HABEAS CORPUS.  Prohibition will not issue to prevent the superior court from proceeding with the trial of an offense of which it has jurisdiction, pending the hearing of an appeal from an order denying a release by *habeas corpus*, as no stay of proceedings is given in such a case.

Application filed in the supreme court, November 24, 1909, for a writ of prohibition to the superior court of Thurston county, Mitchell, J., to prevent the trial of a criminal prosecution, pending appeal from an order denying a release by habeas corpus.  Writ denied.

*J. W. Robinson* and *Thos. M. Vance*, for relator.

*The Attorney General, W. F. Magill, Assistant*, and *John M. Wilson*, for respondent.

PER CURIAM.—The relator Hamilton is in custody charged with a felony.  When his case was called for trial, his counsel filed an application before the trial court for a writ of habeas corpus.  The writ was denied, and an appeal taken therefrom.  The relator thereupon applied to that court for an order superseding the trial of the cause upon the merits pending the hearing of the appeal in this court.  This ap-

[1]Reported in 105 Pac. 171.

plication was denied; whereupon the relator made application here for a writ of prohibition containing terms of mandate directed to the superior court prohibiting the court from proceeding with the trial.

We think the writ should not be granted. The trial court is proceeding regularly with the trial of the case; it has jurisdiction of the subject-matter, and the granting of the application would be in denial, rather than in the furtherance, of justice. The case falls within the principle of the case of *State v. Fenton*, 30 Wash. 325, 70 Pac. 741, where this language was used:

"This, unlike any other case, is the attempted injection of the habeas corpus proceedings into the trial of another case which is on appeal to this court. When the writ was denied by the lower court, and the applicant remanded, that was the end of the case, so far as the stay of the case then pending was concerned, and must necessarily be so to insure the orderly and effective administration of justice. This court placed a very liberal construction upon the statute when it sustained the right of appeal in habeas corpus cases, and it is not inclined, nor do we think the law compels us, to go to the extent of aiding defendants in criminal actions to prevent indefinitely a trial of causes on the merits by repeated applications for writs of habeas corpus and appeals from the decisions in such cases if the applications are unsuccessful, which would be the result of sustaining appellant's contention. If this contention can be sustained at all, it can be so only on the theory that the appeal by virtue of itself worked a stay of proceedings. If there is a stay, it is by force of the statute, and we are not cited to any statutory provision in that regard. The statutory provisions for a stay in either a civil or criminal action are found in §§ 6506 and 6529, Bal. Code, and neither contemplates a stay in a case of this kind."

The writ is denied.