STATE ex rel. C. BEEKLEY v. FRANK McDONALD.[1]

September 26, 1913.

Nos. 18,338—(283).

**Habeas corpus — commitment pending appeal.**
　　Where a prisoner, after conviction and sentence to imprisonment, but before commitment, obtains a writ of habeas corpus, and after hearing thereon is remanded to custody under the criminal proceedings, an appeal by him from the order discharging the writ and so remanding him does not stay the criminal proceedings, so as to deprive the court of au-

[1] Reported in 142 N. W. 1051.

thority to issue a commitment upon such conviction and sentence pending the appeal.

Upon the relation of C. Beekley the district court for Hennepin county granted a writ of habeas corpus directed to Frank McDonald, superintendent and keeper of the workhouse of the city of Minneapolis. The writ was discharged, Booth, J. From the order discharging the writ, relator appealed. Writ quashed.

*Carey & Carey,* for appellant.

*Daniel Fish,* City Attorney, and *W. G. Compton,* Assistant City Attorney, for respondent.

PHILIP E. BROWN, J.

On July 28, 1913, relator was convicted of an offense in the municipal court of Minneapolis, and a 90-day workhouse sentence imposed, which was stayed until August 12. On August 5 a writ of habeas corpus issued out of the district court of Hennepin county, in relator's behalf, to the city's superintendent of police, one Martinson, in whose custody he then was. After hearing, the writ was discharged and relator remanded. He forthwith appealed from the order, and this court set the hearing for August 27. This appeal was dismissed on the date last stated. On August 12 relator was committed by the municipal court to the city workhouse to serve the sentence imposed. On August 26 a second writ of habeas corpus in relator's behalf issued out of the same district court, to one McDonald, the city workhouse keeper, who then had relator in custody. This writ was also discharged after hearing, and relator remanded. He appealed from the order.

It was contended in support of the latter writ, both below and here, that the commitment was without authority and void because the appeal from the order discharging the first writ, authorized by R. L. 1905, § 4601, when considered in connection with section 4367 relating to the effect of supersedeas bonds, operated to suspend and stay proceedings in the action pending in the municipal court. It was also urged that the court was without jurisdiction of relator's person at the time the commitment issued.

The appeal is without merit. Habeas corpus is essentially civil in its nature. State v. Buckham, 29 Minn. 462, 13 N. W. 902; State v. Huegin, 110 Wis. 189, 85 N. W. 1046, 62 L.R.A. 700; 21 Cyc. 342; Ex parte Tom Tong, 108 U. S. 556, 2 Sup. Ct. 871, 27 L. ed. 826. In the case last cited Chief Justice Waite [at page 559] says:

"The writ of habeas corpus is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of habeas corpus which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. * * * Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution."

So in the present case, the habeas corpus proceedings were no part of the criminal action, but in fact were in opposition thereto. An appeal in one proceeding or action does not stay proceedings in another, and the fact that R. L. 1905, § 4601, gives the right of appeal in habeas corpus proceedings and exempts appellant from the necessity of giving a bond, in nowise affects the rule. Said the supreme court of Washington, in State v. Fenton, 30 Wash. 325, 329, 70 Pac. 741, in overruling a similar contention:

"When the writ was denied by the lower court, and the appellant

remanded, that was the end of the case, so far as the stay of the case then pending was concerned, and must necessarily be so to insure the orderly and effective administration of justice."

See also Winnovich v. Emery, 33 Utah, 345, 353, 93 Pac. 988; McLendon v. Smith, 68 Ga. 36; Irwin v. Jackson, 34 Ga. 101. Were the rule otherwise the trial of a criminal case might be suspended indefinitely by successive writs and appeals, thus rendering the administration of the criminal law ineffective. The authorities sanction no such procedure. See State v. Fenton, supra; Orr v. Jackson, 149 Iowa, 641, 644, 128 N. W. 958. Relator should have moved the municipal court for a stay of proceedings in the criminal action pending the appeal.

Writ quashed.