No. 21,415.

MRS. D. E. CAMPBELL, *Appellant*, v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF RENO et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. ARREST—*Released on Bond—Surrender of Defendant by Bondsmen Ineffective.* A person who is out on bail under a criminal charge in one county, and who is arrested by a constable from another county under a criminal charge filed in the latter county, cannot be taken from the custody of the constable, without his consent, by the sureties on the bail of the person charged, and be surrendered to the sheriff of the first county, so as to release such sureties.

2. SAME. Under the circumstances mentioned in the first paragraph of this syllabus, after being released from the charge filed against him in the latter county, it is the duty of such person to appear at the proper time for trial in the first county, and it is the duty of the sureties on his bail to produce him for that trial.

3. SAME—*Special Questions Refused—No Error.* It is not error to refuse to submit to a jury special questions which would not, if answered, elicit any fact that could affect the judgment to be rendered.

Appeal from Reno district court; FRANK F. PRIGG, judge. Opinion filed July 6, 1918. Affirmed.

*Lee Monroe,* of Topeka, for the appellant.

*H. E. Ramsey,* and *E. T. Foote,* both of Hutchinson, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff appeals from a judgment rendered against her and in favor of the defendants for costs. The plaintiff seeks to recover $2,000 which had been deposited with the clerk of the district court of Reno county by O. H. Dorr in lieu of bail for the appearance of one John Sanders, who was then charged with grand larceny. This is the second time this action has been before this court. (*Campbell v. Reno County,* 97 Kan. 68, 154 Pac. 257.) There a judgment in favor of the defendants was reversed, and the cause was remanded for further proceedings. A detailed statement of the facts was made in the former opinion. On the trial from which the present appeal was taken, the jury answered special questions, a part of which are as follows:

"Q. 5. Did the constable from Cowley county have Sanders in his custody at the time it is claimed a surrender was made? Ans. Yes.

"Q. 6. Did the constable from Cowley county, at the time it is claimed a surrender was made, with a view of effecting a surrender, give Sanders his liberty and allow him to pass into the custody of Carl Duckworth through a surrender by O. H. Dorr? Ans. No.

"Q. 7. Were the officers from Reno county holding Sanders all of the time he was in their custody, on the date in question, for the constable from Cowley county? Ans. Yes."

Other than as modified by the special findings of the jury, the facts now presented are the same as those presented on the former hearing in this court.

1. The first question presented by the plaintiff (who has succeeded to Dorr's rights) is: "Could Sanders be effectively surrendered so as to entitle Dorr to reclaim his deposit without the consent and concurrence of the Cowley county constable?" The plaintiff argues that the fact that John Sanders was in the custody of the constable from Cowley county could not and did not prevent Dorr from surrendering Sanders to the sheriff of Reno county, and thereby release the $2,000 which had been deposited with the clerk of the district court of that county. If Sanders was surrendered, so that the sheriff had control and custody of him, and could have held him as against the con-

Campbell v. Reno County.

stable, then the $2,000 was released.   Before the surrender, or attempted surrender, Sanders had been arrested by the constable from Cowley county, and, under the findings of the jury, was continuously thereafter in the custody of that constable. At the time of his arrest by the constable, Sanders was out on bail.   The sheriff had no right to take him out of the custody of the constable.   It follows that neither Sanders nor his sureties had any right to deprive the constable of the custody of Sanders by surrendering him to the sheriff.

2.  The plaintiff argues that when Sanders was released by *habeas corpus* proceedings in Cowley county, it was the duty of the state to secure an order from the judge of the district court of that county remanding Sanders to the custody of the sheriff of Reno county.   The answer to this argument is that Sanders was not in the custody of the sheriff of Reno county when he was arrested by the constable.   The sheriff did not have custody of Sanders on the charge filed against him in Reno county after he had been released on bail.   When he was released in Cowley county, he was discharged from the custody of the officers in that county, and was given his freedom to the same extent as he had enjoyed that freedom when he was taken into custody by the constable.   When Sanders was released in Cowley county, he was again out on bail awaiting his trial in Reno county.   The action against him in that county had been continued to the September term of the district court. When that action was called for trial, the state did not have Sanders in custody anywhere, and was not preventing his appearance, and was not preventing his sureties from producing him for trial.   The authorities seem to be almost unanimous in holding that after he was released in Cowley county, it was his duty to appear for trial in Reno county, and his sureties were then under obligation to produce him for that trial. (Note in Ann. Cas. 1912 C, 747.)

3.  The plaintiff asked the court to submit to the jury the following questions:

"1.  What if anything was said by O. H. Dorr in the office of the clerk of the district court of Reno county just prior to the drawing of the check sued on herein about surrendering John Sanders to Carl Duckworth, deputy sheriff, and to whom were such words spoken.

"2.  What if anything was said by John Sanders at the office of the clerk of the district court of Reno county, Kansas, on the day the check

sued on was drawn and shortly prior to such drawing on the subject of a surrender of said Sanders to Carl Duckworth, deputy sheriff, and to whom were such words spoken."

These questions were refused. There was no error in refusing them. Questions are submitted to establish facts—not evidence. If these questions had been submitted, and had been answered, as the plaintiff evidently anticipated they would be answered, those answers would not have established any fact on which judgment could have been rendered, or which could have affected it. The answers might have been the basis for argument concerning the truth of other facts which should have been considered in rendering judgment.

The judgment is affirmed.