## DICKSON v. MULLINGS et al.

No. 4345.   Decided December 11, 1925.   (241 P. 840.)

1. BAIL—TO EXONERATE SURETY FROM LIABILITY ON BOND, ARREST OF PRINCIPAL MUST BE MADE BEFORE SURETY'S LIABILITY BECOMES FIXED. Generally, arrest and surrender of principal, to exonerate surety, must be made before liability of surety has, by

forfeiture or judgment, become fixed, and may not be done as a matter of right after forfeiture or judgment has been paid or surety is otherwise discharged.

2. BAIL—SURETY, AFTER FINAL DISCHARGE OF BAIL BOND, CANNOT, WITHOUT AID OF LEGAL PROCESS, ARREST PRINCIPAL IN UTAH. Surety, after final discharge on payment of bail forfeited by absconding of principal in criminal action brought in New York, cannot, two years later, without aid of legal process, arrest principal in Utah, in view of Comp. Laws 1917, §§ 9264, 9265.

3. EVIDENCE—JUDICIAL NOTICE OF LAWS OR STATUTES OF SISTER STATE NOT TAKEN. State courts cannot take judicial notice of laws or statutes of sister state.

4. EVIDENCE—LAWS OF ANOTHER STATE PRESUMED TO BE SAME AS LAW OF FORUM, IN ABSENCE OF OTHER PROOF. In absence of proof, it will be presumed that law of another state is same as law of forum, which law will be administered until law of situs is shown.[1]

5. HABEAS CORPUS—APPEAL IN HABEAS CORPUS DOES NOT, OF OWN FORCE, STAY OR SUPERSEDE JUDGMENT. Appeal, in habeas corpus proceedings, does not, of its own force, stay or supersede the judgment.

6. HABEAS CORPUS—COURT, IN HABEAS CORPUS PROCEEDINGS, CANNOT SUPERSEDE OR STAY JUDGMENT OF UNCONDITIONAL DISCHARGE PENDING APPEAL. In absence of statute, a court, in habeas corpus proceedings, may not, pending appeals, supersede or stay a judgment of unconditional discharge of petitioner.[2]

Appeal from District Court, Third District, Salt Lake County; *Chris Mathison,* Judge.

[1] *Oak Leather Co.* v. *Union Bank,* 9 Utah, 87, 33 P. 246; *Dignan* v. *Nelson,* 26 Utah, 186, 72 P. 936; *Standard* v. *Gray,* 42 Utah, 228, 129 P. 423, Ann. Cas. 1916A, 989; *Grow* v. *Railroad Co.,* 44 Utah, 160, 138 P. 398, Ann. Cas. 1915B, 481.

[2] *Winnovich* v. *Emery,* 33 Utah, 345, 93 P. 988.

Corpus Juris-Cyc. References.

[1]    Bail, 6 C. J. p. 938 n. 5.

[2]    Bail, 6 C. J. p. 938 n. 5.

[3, 4]    Evidence, 22 C. J. p. 154 n. 6; 23 C. J. p. 131 n. 10.

[5, 6]    Habeas Corpus, 29 C. J. p. 189 n. 48, 50.

Application by Charles E. Dickson for a writ of habeas corpus against A. J. Mullings and others. From a judgment granting the application and discharging petitioner, defendants appeal.

AFFIRMED.

*Hurd & Hurd,* of Salt Lake City, for appellants.

*R. Verne McCullough,* of Salt Lake City, for respondent.

STRAUP, J.

This is an appeal from a judgment of the district court of Salt Lake county in a habeas corpus proceeding.

The plaintiff alleged that he was unlawfully detained by the defendants, police officers of Salt Lake City. They answered and showed that in November, 1920, plaintiff was indicted "in the state of New York for felonious assault"; that the Fidelity & Casualty Company of New York became his bail and executed a bond or undertaking in the sum of $1,500 for his appearance for trial but that he absconded and left the state of New York and failed to appear; that the undertaking provided that plaintiff would appear and answer the charge in whatever court it might be prosecuted, and that he would hold himself amenable to the orders and process of the court, and, if convicted, would appear for judgment and render himself in execution thereof, and that, "if he failed to perform either of these," the company agreed to pay to New York the sum of $1,500, and that the undertaking further provided that in case it was forfeited, and upon filing a copy of the order forfeiting the undertaking, together with the undertaking with the county clerk, judgment might be entered against both the principal and the surety for the sum specified in the undertaking, and that execution could forthwith be issued; that in May, 1921, an order was made and entered by the New York court, wherein it was recited that the defendant there, plaintiff here, had failed to appear, and that the company, his surety, had not

brought him forward or produced him to answer the indict-
ment, whereupon, on motion of the district attorney, it was
ordered that the "recognizance be and the same is hereby
forfeited," and that the recognizance, together with a certi-
fied copy of the order, be filed in the office of the county clerk,
and that judgment be entered thereon according to law
against the plaintiff and the company in the sum stated in the
undertaking, and that the same were so filed in the office of
the county clerk, and that about two years prior to the arrest
of the plaintiff the $1,500 specified in the undertaking was,
in pursuance of the forfeiture, paid by the company to the
state of New York; that thereafter the Fidelity Company, in
writing, authorized and empowered "policemen of the city
of New York or policemen of any other city" in the name,
place, and stead of the company to take, seize, surrender,
and deliver the plaintiff to the custody of the authorities of
New York in exoneration of the company as surety; and that
it was in virtue of such authority and no other and without
aid of requisition or any other legal process that the de-
fendants arrested and justified the detention of the plaintiff.

Upon such facts and so found by the court, of which find-
ings no complaint is made, the district court held that the
plaintiff was unlawfully arrested and detained, and hence
released and discharged him.

The defendants, on their appeal, in substance, contend that,
upon the Fidelity Company becoming bail for plaintiff in
New York, he, in law, was regarded as delivered into its cus-
tody; that its dominion was and is continuous of the original
arrest and imprisonment by the New York authorities; that,
whenever it chose to do so, it had the right to seize the plain-
tiff and deliver him up in discharge of its undertaking and
that it could exercise such right in person or by agent; that,
to do so, it had the right to pursue plaintiff into another state
and there, in person or by agent, arrest him, and, to lawfully
do so, neither requisition nor any legal process was neces-
sary; that, by virtue of its undertaking and contractual obli-
gation to keep and produce the plaintiff whenever his appear-
ance was required, the company, in effect, became his jailer,

and, as such, had the right, in person or by agent, at any time and at any place within the United States, without aid of legal process, to arrest and surrender him to the court or to the officer who held him under the original capias when plaintiff was released on bail.

In support of such contention the defendants cite many authorities and cases, particularly, 3 R. C. L. 58; 3 A. & E. Ency. L. 708; 5 Cyc. 126; *Taylor* v. *Taintor,* 16 Wall. 366, 21 L. Ed. 287; *Knight* v. *State ex rel. Henry,* as reported in 35 Okl. 375, 130 P. 282, L. R. A. 1916F, 361, and notes to cases cited, 363; *Campbell* v. *Reno County,* as reported in 103 Kan. 329, 175 P. 155, 3 A. L. R. 178, and notes to cases cited, 180; *Carr* v. *Sutton,* 70 W. Va. 417, 74 S. E. 239, Ann. Cas. 1913E, 453; *State* v. *Lingerfelt,* 109 N. C. 775, 14 S. E. 75, 14 L. R. A. 605; *Ex parte Salinger* (C. C. A.) 288 F. 752; *Carr* v. *Davis,* 64 W. Va. 522, 63 S. E. 326, 20 L. R. A. (N. S.) 58, 16 Ann. Cas. 1031; *In re Von Der Ahe* (C. C.) 85 F. 959.

In some of the cited cases there were statutes on the subject; in others not. The claim of defendants is not based on any statute, but is asserted under the common law. It may be conceded that in some of the cited cases it was held that the bail to surrender the principal may arrest him without legal process in or out of the state at any time before forfeiture of the undertaking, some even after forfeiture, but before judgment on the undertaking against the principal and his surety, and some even after judgment and issuance of execution, but before the return thereof. The cases are collated and cited in 3 A. L. R. 189; 6 C. J. 938, and in other texts and cases heretofore referred to; but we do not find any of the authorities or cases holding that such an arrest may be made by the bail without aid of legal process after the forfeiture or judgment has been paid or the bail otherwise discharged. In cases where forfeiture of the recognizance is not final against the surety, and may be remitted or moderated when in the judgment of the court, if vested with such power, good reason therefor exists, we find the matter mooted, but not decided. But it is not averred or shown that the

New York court is vested with power to remit or moderate a forfeiture after payment of it, nor that any proceedings for remission or moderation have there been commenced or are pending, or even that any are contemplated.

As a general rule an arrest and surrender of the principal, to be effectual as an exoneration of the surety, must be made before liability of the surety under the bond or recognizance has by forfeiture or judgment become fixed, and may not be done as of right after the forfeiture or judgment has been paid or the surety otherwise discharged.

However, as will be seen by the cited texts and cases, the matter is now largely statutory. We have such a statute. Comp. Laws Utah, 1917, § 9264, provides that, at any time before the forfeiture of their undertaking, the bail may surrender the defendant in their exoneration, or he may surrender himself to the officer to whose custody he was committed at the time the bail was given. By section 9265 it is provided that—

"For the purpose of surrendering the defendant, the bail, at any time before they shall be finally discharged, and at any place within the state, may themselves arrest him, or by written authority indorsed on a certified copy of the undertaking, may empower any person of suitable age and discretion to do so."

Whether the state of New York has a statute on the subject is not shown. No such or any statute of New York is either pleaded or proved. It, of course, is well settled that state courts cannot take judicial notiec of laws or statutes of a sister state. It also is well settled in this jurisdiction *American Oak Leather Co.* v. *Union Bank*, 9 Utah, 87, 33 P. 246; *Dignan* v. *Nelson,* 26 Utah, 186, 72 P. 936; *Stanford* v. *Gray*, 42 Utah, 228, 129 P. 423, Ann. Cas. 1916A, 989; *Grow* v. *Railroad Co.*, 44 Utah, 160, 138 P. 398, Ann. Cas. 1915B, 481, that, in the absence of proof, it will be presumed that the law of another state is the same as the law of the forum and the court will administer and apply the law of the jurisdiction until the law of the situs is shown. Thus, in the absence of proof, it will be presumed that the law of New York on the subject is the same as the law of Utah.

So indulging the presumption, it follows that the Fidelity Company had no right, without aid of legal process, to arrest the plaintiff outside of the state of New York, and in no event after it was "finally discharged"; and it also follows that it was so discharged when it paid the forfeiture and judgment, which was about two years prior to the arrest of the plaintiff, and after such payment there was no other liability on its part on the undertaking and no other or further performance of any obligation thereon could thereafter be exacted from it. The judgment of the court below discharging plaintiff is therefore affirmed.

We are asked to express views as to a matter of practice. When the court below rendered its judgment of discharge, on motion of defendants and upon their assurance of a prompt appeal, the court, over the objection of plaintiff, remanded him back to the custody of the defendants pending the appeal and denied him bail. After the appeal was taken, which was promptly done, the plaintiff, before the case was set for hearing, applied to this court to be admitted to bail pending the appeal. He contended that the court below in effect granted a supersedeas and that it was without authority to do so, and, though it should be held that the court had such authority, it abused its discretion in refusing the requested bail. We granted the application admitting plaintiff to bail, but in doing so, stated we had grave doubt whether, in a habeas corpus proceeding, where the petitioner was unconditionally discharged as he here was, the court could supersede or stay the judgment on appeal. It is in respect of that point, lest the action taken in the premises might be regarded as a precedent, that we are asked to express our views.

We have no statute which authorizes a court to grant a supersedeas in such case. We have heretofore held that an appeal in habeas corpus proceedings does not of its own force stay or supersede the judgment. We are of opinion that, in the absence of a statute, a court in habeas corpus proceedings may not, pending an appeal, supersede or stay a judgment of unconditional discharge of the petitioner, and that, to do so, would, to a large extent, deprive the writ of **5, 6** habeas corpus of its efficacy. *Winnovich* v. *Emery,*

33 Utah, 345, 93 P. 988; 29 C. J. 189; *Orr* v. *Jackson,* 149 Iowa, 641, 128 N. W. 958; *State* v. *Kirkpatrick,* 54 Iowa, 373, 6 N. W. 588; *State* v. *Fenton,* 30 Wash. 325, 70 P. 741; *State* v. *Superior Court,* 56 Wash. 91, 105 P. 171; *People* v. *Stout,* 10 Misc. Rep. 247, 31 N. Y. S. 421.

GIDEON, C. J., and THURMAN and CHERRY, JJ., concur.

FRICK, J. I concur. In view of the provisions of our statute, however, relating to the granting and disposition of writs of habeas corpus, I feel constrained to make the following observations:

Comp. Laws Utah 1917, § 2672, provides that in the petition for a writ of habeas corpus it must be made to appear that a prior writ for the same cause has not been denied. Successive writs for the same cause are therefore not permitted under our statute. In view of that, we have held that appeals are allowed by both sides in such proceedings as in other civil cases. *Winnovich* v. *Emery,* 33 Utah, 345, 93 P. 988. After a writ has been granted, however, our statute, § 2691, further provides:

"Upon the return of any writ of habeas corpus, the court or judge shall, after having given sufficient notice, proceed in a summary manner to hear the matter, and shall dispose of the prisoner as justice may require."

The purpose of the statute, manifestly, is to prevent injustice both to the prisoner and to the public, or to any one directly interested in the matter. The court may therefore make the discharge or remand of the prisoner conditional. If the court deems it proper in the interest of justice that the questions involved in the proceeding should be passed on by this court, it may so provide in the order of discharge and to that extent make it conditional.

I am also of the opinion that, in carrying out the effect of the provisions of our statute, the court may permit the prisoner to go at large pending the appeal upon such terms and conditions, in the words of the statute, as justice may require.

While in my judgment the foregoing is the legal effect of Mr. Justice Straup's opinion, I have deemed it proper to add the foregoing observations in explanation of my concurrence.