No. 18,663.

E. O. GEER, ETC., EX-OFFICIO SHERIFF OF THE CITY AND COUNTY OF DENVER v. JOHN ALANIZ AND THIRTY-THREE OTHERS. CASES NOS. 18,664 TO 18,696 INCLUSIVE.
(326 P. [2d] 71)

Decided June 2, 1958.

Mr. JOHN C. BANKS, City Attorney, Mr. W. KEITH PETERSON, Assistant, for plaintiff in error.

No appearance for defendants in error.

*En Banc.*

MR. JUSTICE FRANTZ delivered the opinion of the Court.

THE thirty-four defendants in error applied separately for writs of habeas corpus directed to E. O. Geer as Manager of Safety and Excise and Ex-Officio Sheriff of the City and County of Denver. The District Court of Denver issued said writs and the same were served upon said Manager. At the conclusion of the several trials, they were taken under advisement, after which the trial court entered judgments unconditionally discharging the defendants.

According to the motions filed in these several causes, the Manager was not afforded the opportunity of immediately moving for stays of execution after the judgments were entered, as allowed by Rule 62, R.C.P. Colo. It is alleged in each of said motions that demand was made upon the trial court to permit the filing of a motion "for a new trial or its suspension or for a stay of execution."

The trial court, it is said, thereupon entered orders dispensing with motions for new trials and denied the request of the Manager for stays of execution.

The Manager is here seeking a review of these judgments, and seeks stays of execution under Rule 113 (b), R.C.P. Colo. Since the thirty-four cases involve a resolution of the same question, convenience dictates that they be considered together.

Asserted illegality of the imprisonment of the defendants in error arose from the imposition of fines and imprisonment for violations of ordinances of the City and County of Denver. The trial court found favorably for the defendants in error and discharged them.

It has been held recently that habeas corpus is a civil proceeding. *Riley v. Denver,* No. 18,625, decided April 25, 1958. Because it is a civil action, the Manager maintains that Rules 62 and 113 (b), R.C.P. Colo., apply, and by reason thereof stays of execution are appropriate in habeas corpus proceedings.

One question must be resolved: Has the court any power to stay proceedings upon an order directing the unconditional discharge of a prisoner upon a writ of habeas corpus?.

No inherent power is lodged in any court to stay the order of discharge, for habeas corpus would be deprived of its efficacy if any court should undertake to continue an imprisonment once held to be unlawful. *Dickson v. Mullings,* 66 Utah 282, 241 Pac. 840, 43 A.L.R. 136; *People v. Jennings,* 246 N.Y. 258, 158 N.E. 613, 63 A.L.R. 1458. Such action on the part of the court would defeat the very purpose of habeas corpus.

Indeed, in view of the provisions of Article II, §21 of the Constitution of Colorado providing that "the privilege of the writ of habeas corpus shall never be suspended, unless when in case of rebellion or invasion, the public safety may require it," it may be seriously doubted that authority legislatively might be given to a court to stay the unconditional order of discharge in such a case.

The question presented to the trial court by these habeas corpus proceedings is whether the thirty-four prisoners were unlawfully confined. When the orders for their discharge were made, said orders were judgments that the imprisonment of these defendants in error was illegal. Thereafter there was no basis for longer holding them in custody. The orders discharging them

are conclusive unless reversed by this court, and the fact that a review of these judgments is sought does not alter their effect. Unless reversed the imprisonment of these defendants in error is illegal.

Staying a prisoner's discharge by a subsequent order is tantamount to keeping him in custody for the same cause notwithstanding his discharge by the writ. Such action by a court is forbidden by the law. For it is provided in part by C.R.S. '53, 65-1-9, that "no person who has been discharged by order of a court or judge on a habeas corpus shall be again imprisoned, restrained or kept in custody for the same cause, unless he be afterwards indicted for the same offense, nor unless by the legal order or process of the court wherein he is bound by recognizance to appear." See *People v. Jennings,* supra.

As said by Justice Cardozo in the last-mentioned case, if stays were granted in these cases, "little would be left of 'this, the greatest of all writs' (ibid.) if a jailer were permitted to retain the body of his prisoner during all the weary processes of an appeal begun without leave and languidly continued."

For these reasons the applications for stays in the above-entitled cases are denied.

MR. JUSTICE MOORE not participating.