THE STATE v. COLLINS ET AL.

1. **Costs:** COUNTY: HABEAS CORPUS PROCEEDING. In a *habeas corpus* proceeding for the custody of a minor child, in which the applicant fails and the child is allowed to remain with the defendant, the costs cannot be taxed to the county in which the action is brought and tried, and the applicant resides. Such proceedings are not criminal in their nature, and should be entitled in the name of the person alleged to be illegally restrained as plaintiff.

*Appeal from Lee Circuit Court.*

TUESDAY, OCTOBER 5.

THE question in the case arises upon the taxation of costs. J. P. Stevenson as the guardian, and Jemima Forsythe as the mother, of Julia Forsythe, a minor, presented a petition to the Hon. J. B. Drayer, Circuit Judge for Lee county, for the issuance of a writ of *habeas corpus* in behalf of the said Julia Forsythe, upon the alleged ground that she was illegally restrained by the defendants of her liberty. The writ was granted and served. The child was produced by the defendants, and a hearing had, and it was adjudged that the child was not illegally restrained of her liberty, and that the defendants were entitled to the custody of her, and she was accordingly remanded. Upon motion made in the Circuit Court the costs of the proceedings were taxed to Lee county, that being the county in which the defendants and applicant

resided.  From such taxation of costs Lee county appealed, service of notice of appeal being made on both plaintiffs and defendants.

*Craig & Collier*, for appellant.

No appearance for appellees.

ADAMS, CH. J.—The costs being less than $100, a certificate of appeal was given which is in these words: " Whether

*1. COSTS: coun-*
*ty: habeas*
*corpus pro-*
*ceedings.*

in a proceeding of *habeas corpus* for the custody of a minor child, in which the applicant fails and the child is allowed to remain with the defendants, the county in which the application is made, and the proceedings heard, and the applicant resides is liable for the costs of the proceedings."

The proceedings in this case were instituted in the name of the State, and for the purpose of restoring to liberty a person entitled to the protection of the State.  The Circuit Court, we presume, was impressed with the idea that the proceedings were essentially criminal in their nature.  But under our statute it appears to us that they cannot be so regarded. Chapter 13, Title XX of the Code, being the chapter of *Habeas Corpus*, is embraced within Part Third of the Code, which is entitled Code of Civil Practice.  The person restrained of his liberty is denominated plaintiff, § 3462, and the proceedings properly should be instituted in his name.  This appears not alone from the fact that the person restrained is denominated in the statute plaintiff, but the proceedings are not instituted to punish a wrong doer, but to enforce a civil right.  It is true that the Code provides that notice of the issuance of the writ shall be given to the district attorney.  This would indicate that it is supposed that the State may have some rights involved.  But if in any case the State has any rights they are adverse to the plaintiff, and if the district attorney appears his appearance must be in behalf of the defendant.  No statute expressly provides that costs in a *habeas corpus* case can

be taxed to the county, and we see nothing·to justify it in the nature of the case.

We are not called upon to determine how the costs in question should be taxed. It is evident that they could not be taxed to the defendants, because they were successful. They ought not to be taxed to the child, because, while the petition was filed ostensibly in her behalf, it appears that it was not by her consent. The evidence shows that she desired to remain with the defendants, and that the claims of the petitioners should be denied. Possibly the costs should have been taxed to the petitioners, and possibly there is a defect of legislation in this respect. However that may be, we are agreed that they cannot properly be taxed to the county.

REVERSED.