E. L. ORR, Plaintiff, v. D. V. JACKSON, Judge of the 7th Judicial District of Iowa, Defendant.

**Certiorari:** WHO ENTITLED TO PROSECUTE WRIT. On an information of the plaintiff herein a third party was adjudged guilty of contempt and sentenced to fine and imprisonment, but when taken into custody by the sheriff he instituted *habeas corpus* proceedings, which were dismissed, but pending appeal in that proceeding he was admitted to bail. *Held*, that while plaintiff was not a party to the *habeas corpus* proceeding in such a sense as would authorize him to appeal therein, yet he did have a substantial interest in the litigation; and in view of the fact that he could not compel the sheriff to appeal from the order admitting the third party to bail, and a cross appeal by the sheriff could not be determined until the order had run its course, plaintiff was entitled to maintain this proceeding in *certiorari* to review the order.

**Habeas corpus:** DISMISSAL OF WRIT: APPEAL: BAIL. *Habeas corpus* proceedings are intended to be summary and are not criminal. And where a writ has been dismissed the petitioner is not entitled to admission to bail and release from custody pending his appeal from the order of dismissal; as the effect in admitting him to bail would be to grant the very relief denied by dismissal of the writ, and is in conflict with the statute which provides that he may be held in custody until the legality of his petition for release is determined.

PROCEEDINGS in certiorari to test the legality of an order in habeas corpus proceeding whereby the defendant judge admitted the petitioner therein to bail, pending his appeal to the Supreme Court from an order of dismissal of his petition for writ of habeas corpus.—*Reversed.*

SATURDAY, DECEMBER 17, 1910.

*Betty & Betty,* for plaintiff.

*J. G. Kammerer* and *E. F. Richman,* for defendant.

EVANS, J.—This case is one of a series of successive proceedings each of which involved the same and only question. In June, 1909, one Otto Seidlitz upon information of the plaintiff herein, E. L. Orr, was adjudged by the defendant judge to be guilty of contempt for violating a liquor injunction, and was adjudged to pay a fine and to be imprisoned for three months. Seidlitz sued out a writ of certiorari in the nature of appeal to this court and obtained here a review of such order. The result of such review here was that the certiorari proceedings were dismissed and the judgment of the lower court affirmed. *Seidlitz v. Jackson, Judge* (Iowa) 125 N. W. 230. On June 20, 1910, a *procedendo* issued from this court, and Seidlitz was taken into custody by the sheriff of Muscatine County, in execution of the judgment against him. On the same day he sued out a writ of habeas corpus before the same judge, challenging again the legality of his imprisonment. In accordance with statutory procedure in such cases, he was immediately brought before the judge by the sheriff in whose custody he was and a hearing was had on his petition. On such hearing, the defendant judge dismissed the habeas corpus proceeding and remanded back the petitioner, Seidlitz, to the custody of the sheriff who was named as defendant in such proceeding. At the same time, however, the defendant judge ordered that the petitioner be admitted to bail pending his appeal to the Supreme Court from the order of dismissal of his habeas corpus petition. Bail being given forthwith, the petitioner was released from custody. The plaintiff herein challenged the legality of that part of the order of the defendant judge wherein Seidlitz was admitted to bail pending appeal to this court.

I. It is urged by the defendant that the plaintiff is not a party in interest and has no standing in this court, and that this proceeding should therefore be dismissed. In

1. *Certiorari:* who entitled to prosecute.

*Hemmer v. Bonson,* 139 Iowa, 210, we held adversely to this contention. It is also urged that certiorari will not lie because there is a speedy and adequate remedy by appeal. This position is not tenable. The plaintiff herein was not a party to the habeas corpus proceeding in such a sense that he could appeal. Neither could he compel the defendant sheriff to appeal. It is made to appear, also, that on November 7, 1910, the defendant sheriff did in fact serve notice of cross appeal in the main case. Such appeal can not be heard before the January, 1911, term. It is manifest that no practical result can be obtained by such cross appeal. When the appeal in the main case is determined the order admitting Seidlitz to bail will have run its full course. Nothing but a moot question will remain in relation thereto. We are constrained to hold, therefore, that the question of the validity of the order complained of is properly raised by this proceeding.

II. This brings us to the main question. Was there any warrant under the statute for the order admitting Seidlitz to bail pending appeal by him to this court from the

2. *Habeas corpus:* dismissal of writ: appeal: bail.

order of dismissal of his petition The habeas corpus proceeding was not a criminal proceeding. *State v. Collins,* 54 Iowa, 441. And, if it were, Seidlitz was plaintiff therein, and not defendant. The statutes in relation to bail have no application to such a case. The purpose of bail on appeal in a criminal case is only to suspend the execution of judgment pending the appeal. There was no such function to be performed in the case under consideration. The effect of the order for bail was not to maintain the *status quo.* On the contrary, it operated affirmatively to grant such petitioner the very relief which was denied him in the

order of dismissal. In *State v. Kirkpatrick*, 54 Iowa, 373, it was held that a habeas corpus proceeding was intended to be summary, and that when a court granted to the petitioner therein affirmative relief, even the defendant could not maintain the *status quo* nor suspend the judgment by a supersedeas bond. All the more reason is there for saying that where a writ of habeas corpus is dismissed upon a hearing, the petitioner therefore may not obtain indirectly by means of a bond the affirmative relief which he sought by means of his writ. If we should concede that he might maintain the *status quo,* he had no need of bail or bond for that purpose. When the writ was sued out he was in the custody of the sheriff. When a hearing was had upon his petition he was still in the custody of the sheriff. Code, section 4455, provides: "Until the sufficiency of the cause of restraint is determined, the defendant may retain the plaintiff in his custody, and may use all necessary and proper means for that purpose." It rested with the court upon such hearing to say whether such custody should be interfered with. The court refused to discharge him from such custody. The effect of its order was to leave the petitioner where it found him. The petitioner had his remedy by appeal but he had no right to nullify the summary character of the habeas corpus proceeding to which he had resorted. To hold otherwise would be to play with the process of the court upon final judgment. The right to a writ of habeas corpus to test the legality of an imprisonment is almost absolute in the first instance. The purpose of such a writ is very beneficent. But the proceeding is in its essence summary, and is not intended to overturn due course of legal procedure. If it could be used to work indefinite delay in the execution of final judgments of punishment, the proceeding itself would become intolerable. Code, section 4451, expressly forbids its use to "question the correctness of the action . . . of a court or judge when lawfully acting within

the scope of their authority." This was doubtless the ground upon which the habeas corpus proceeding was dismissed. It is no less a reason why the order for bail should not have been entered.

Such order admitting Seidlitz to bail must, therefore, be annulled and reversed. Defendant's motion to dismiss this proceeding was ordered submitted with the case. What we have here said is necessarily decisive of such motion.— *Reversed.*