STATE OF IOWA ex rel. RALPH F. PATTON, Appellant, v. HENRY BENNING, Appellee.

**PARENT AND CHILD:** Custody—Welfare of Child. Principle re-
1  affirmed that, on the issue of custody of a minor child, the welfare of the child must control. So held where the custody was allowed to remain in a grandparent.

**PARENT AND CHILD:** Custody—Confirmation of Guardianship—Ef-
2  fect. When the court, instead of *vacating* an appointment of a guardian of the person of a minor, on full hearing *confirms* such appointment, any *after* attempt by the parent to secure custody of the child must be supported by testimony bearing on conditions *subsequent to said order of confirmation.*

**HABEAS CORPUS:** Petition—Proper Title. In habeas corpus by a
3  parent for the custody of his child, the writ should be demanded in the name of the child.

*Appeal from Harrison District Court.*—EARL PETERS, Judge.

APRIL 4, 1922.

THE opinion sufficiently states the case.—*Affirmed.*

*William Simeral* and *Saunders & Stuart,* for appellant.

*P. E. Roadifer,* for appellee.

WEAVER, J.—The relator, Ralph F. Patton, institutes this proceeding in habeas corpus, to recover the custody of his infant daughter, Annetta Patton. Relator and Lillian Patton, mother of Annetta, formerly husband and wife, were divorced in Omaha, Nebraska, in the year 1919. Before the divorce, but, as we understand it, after their separation, Annetta was placed by her mother in the care and custody of the defendant, Henry Benning, residing in Council Bluffs, Iowa, with whom she has ever since had her home. Benning is the father of the child's mother, and some time after receiving the child into his family, he was appointed its guardian. A little later, Patton appeared in said proceeding before the district court of Pottawattamie County, Iowa, and moved to have the letters of guardianship vacated and set aside, as having been erroneously granted, and asserted his own superior parental right to the ward's custody. The court denied the motion, and from such order and judgment no appeal was ever taken. Thereafter, Patton began this proceeding in his own name, alleging his right as father to the possession and custody of the child, his divorce from the mother, his residence in Nebraska, his remarriage, and his financial ability to properly care for the child, and asking that its custody be awarded to him. On hearing the evidence, the trial court dismissed the proceeding, and ordered the child remanded to its guardian. The relator appeals.

I. The decree of divorce between the parents of the child is not shown in the record before us, but there is no claim made that the court in that proceeding made any order or entered any finding or judgment relating to the custody of the child. Indeed, the child was then living and has ever since lived with its grandfather in Iowa, with the consent and acquiescence of its mother, who frequently visits her. So far as the natural rights of the parents are concerned, the case presented does not differ materially from one in which the divorced parents contend over the priority of right to the custody of the child of the dissolved

1. PARENT AND
   CHILD: custody:
   welfare of child.

marriage; for, while the mother is not a party to this proceeding, it may fairly be said that Benning, her father, represents her rights in the premises. As between the parents of the child, the father has no prior or superior right to its custody, in the absence of any showing of special fitness for it on the part of the father, or of unfitness on part of the mother. It does appear that the mother is engaged in some employment, and has no separate home of her own, but, in view of the fact that she has placed or left the child with its grandparent, who has assumed its guardianship in a home where its mother has frequent opportunity to visit it and look after its welfare, we think its best interests would not be served by taking it away from the custody of those who have given it care and nurture practically all of its life, and committing it to the custody of another, who, though its father by nature, is yet a stranger, to be kept by him in a home where, under the admitted circumstances, its mother could never be a welcome visitor.

II.    Turning now to the effect to be given to the judicial proceeding by which the validity of the appointment of the respondent, Benning, to the guardianship of the child was con-

2. PARENT AND CHILD: custody: confirmation of guardianship: effect.

firmed, it is to be admitted that this order is probably not a prior adjudication, which precludes inquiry into the propriety of awarding the custody of the child to its father; for that is a question which is at all times open to investigation by the court, which will make such orders from time to time as changing conditions and circumstances may justify. But it is to be said that the court in that proceeding had jurisdiction of the subject-matter and of the persons; and, its order not having been appealed from, the validity of such appointment is not open to denial or dispute in habeas corpus; and the writ must be sustained, if at all, upon a showing of circumstances since arising, to convince the court that the good of the child necessitates a change in its custody. No such showing was made on the hearing below, and the court rightfully dismissed the proceeding.

III.    The appellee has made the objection that Patton cannot maintain the action in his own name as relator, and that, to obtain the issuance of the writ, it should be demanded in the

name of the child.  *State v. Collins,* 54 Iowa
3. HABEAS CORPUS: 441.  Technically, the objection is well taken;
petition: proper
title. but we have preferred to dispose of the case on
its merits, and do not, therefore, undertake to decide whether the
defect is a fatal one, or is open to remedy by amendment.

We find no reversible error in the record, and the judgment
appealed from is—*Affirmed.*

STEVENS, C. J., PRESTON and DE GRAFF, JJ., concur.