Earl LeRoy EMERY, Plaintiff,

v.

The Honorable Ray A. FENTON, Judge of the Fifth Judicial District, Polk County, Iowa, Defendant.

No. 61700.

Supreme Court of Iowa.

May 17, 1978.

does not. We granted certiorari to review the holding. Because we agree with the trial court we annul the writ.

Plaintiff Earl LeRoy Emery was convicted in 1974 in Polk County of robbery with aggravation. He was given an indeterminate 25-year sentence to the Fort Madison penitentiary, where he is still incarcerated. In February 1978 he filed an application for postconviction relief challenging his conviction and sentence on constitutional grounds. He also filed a motion for admission to bail in which he alleged he was bailable under § 811.1, The Code, 1977 Supp. The State resisted the motion, and subsequently Judge Fenton overruled it. This certiorari action followed.

No right to bail after conviction was recognized at common law, although the King's Bench at the time of American independence had discretion to admit an accused to bail for any offense. *Re Thomas,* 1 Okl.Cr. 15, 93 P. 980 (1908). Like most states Iowa has limited the judicial discretion of the common law by guaranteeing through constitutional and statutory provisions that all defendants shall be bailable by sufficient sureties except in certain cases. See 8 Am.Jur.2d Bail and Recognizance § 23.

The Constitution of Iowa makes no provision for bail after conviction. It provides only that, "All persons shall, before conviction, be bailable, by sufficient sureties, except for capital offenses where the proof if evident, or the presumption great." Ia. Const. Art. I § 12. Any right to bail after conviction in Iowa must therefore be statutory. Here plaintiff asserts such a statutory right.

The statute upon which plaintiff relies, § 811.1, The Code, 1977 Supp., was enacted as part of the massive criminal code revision effective January 1, 1978. It provides:

All defendants are bailable both before and after conviction, by sufficient surety, or subject to release upon condition or on their own recognizance, except that a defendant convicted of a class A felony shall not be admitted to bail while ap-

John C. Wellman, Des Moines, for plaintiff.

Rick L. Olson, Asst. County Atty., for defendant.

McCORMICK, Justice.

The question here is whether an applicant for postconviction relief under Code chapter 663A has a statutory right to be admitted to bail. The defendant trial court held he

pealing such conviction or seeking post-conviction relief.

This enactment was accompanied by repeal of prior statutes specifying bail rights. They included §§ 763.1 and 763.2, The Code, 1977, which provided as follows:

All defendants are bailable both before and after conviction, by sufficient surety, except for murder in the first degree and kidnapping for ransom when the proof is evident or the presumption great. (§ 763.1)

No defendant convicted of murder in the first degree, or of the crime of treason shall be admitted to bail. (§ 763.2)

Plaintiff contends that although applicants for postconviction relief under Code chapter 663A were not entitled to bail under the repealed statutes the right to bail under § 811.1 has been expanded to include them. Plaintiff argues that the legislature in plain language gave the right to bail to everyone and then took it away only from class A felons in the delineated situations. Robbery offenses are not class A felonies. See chapter 711, The Code, 1977 Supp. Therefore plaintiff insists he has a right to bail under the statute while seeking any form of postconviction relief.

In the alternative, if resort to canons of interpretation and construction of the statute is necessary because its meaning is not ascertainable from its language alone, plaintiff alleges the result must be the same.

Defendant denied plaintiff's motion to be admitted to bail on two principal grounds. One was that the term "defendants" in § 811.1 does not include applicants for postconviction relief in the civil proceeding provided in chapter 663A. The other was that the legislature did not signify an intention to expand the right to bail in § 811.1 with requisite clarity.

We cannot say the language of the statute alone shows its applicability to plaintiff. It gives the right to "defendants" except "a defendant" convicted of a class A felony appealing or seeking postconviction relief. It does not in express terms

grant applicants for postconviction relief under Code chapter 663A the right to bail.

Moreover, a civil postconviction action under chapter 663A is not the only method for seeking postconviction relief. For example, a convicted defendant may seek a new trial or arrest of judgment. See rule 23, Rules of Criminal Procedure. Thus the statute also does not on its face inform us whether the exception refers to chapter 663A postconviction applicants.

Therefore we must look beyond the statute to ascertain its meaning. § 4.6, The Code. The statute was enacted as part of a complete revision of the Iowa criminal law. The revision did not entirely abandon prior law. Instead, it is primarily a restatement of such law. Professor John H. Yeager, who served the legislative committee which developed the original draft, commented on the revision as follows:

It was not the purpose of this committee in drafting the code, to scrap the existing criminal law, and, starting from scratch, to create new law and new concepts. For the most part, the existing law was retained, clarified where clarification was needed by adapting statutory language to incorporate existing case law, and changed only where change was felt desirable. To the casual observer, it will appear that the criminal law has been completely rewritten. However, the Criminal Code is primarily a restatement of prior law, and most responsible studies of the code recognize this. Yeager, Iowa Criminal Code Training Manual at 1–2 (Iowa Law Enforcement Academy).

The committee minutes do not include any explanation of the language of § 811.1 and no other legislative history is available.

However, comparison of the present and former statutes shows why it was appropriate for the legislature to depart to some extent from the language of the prior statutes.

The statutes each begin by providing, "All defendants are bailable both before and after conviction, by sufficient surety * * *." If the parties are correct in their assumption that § 763.1, The Code, 1977, did

not give a right to bail to applicants for chapter 663A relief, then no basis exists for finding the identical language in § 811.1 does so either.

The reference in § 811.1 but not in § 763.1 to forms of release other than upon bail, which reads "or subject to release upon condition or on their own recognizance * * *" was obviously added to § 811.1 as a matter of draftmanship. Bailability by those methods was provided for in the former statutory scheme in § 763.17, The Code, 1977. This change in language has no substantive significance and is not relevant in the present case.

Therefore, if the right to bail was expanded by § 811.1 to include chapter 663A postconviction applicants, the source of the right must be found in the remaining language of § 811.1 which provides, "except that a defendant convicted of a class A felony shall not be admitted to bail while appealing such conviction or seeking postconviction relief." In § 763.1 the language was "except for murder in the first degree and kidnapping for ransom when the proof is evident or the presumption great." In addition, § 763.2 added that, "No defendant convicted of murder in the first degree, or of the crime of treason shall be admitted to bail."

The code revision places felonies into classes. § 701.7, The Code, 1977 Supp. Class A felonies are the most serious and are uniformly punishable by life imprisonment. § 902.1, The Code, 1977 Supp. The felonies enumerated in the former statutes did not include all felonies now classified as class A. For example, sexual abuse in the first degree is a class A felony under the new code. § 709.1, The Code, 1977 Supp. In addition, of course, some public offenses have new labels. For example, see present chapter 710, 1977 Code Supp., defining kidnapping and related offenses.

Using the generic term "class A felony" in the § 811.1 exception was consistent with the legislature's new classification system, and some change in language was necessary in any event because of new names given some offenses. This change does not support plaintiff's argument.

The question thus narrows to the significance of the language defining the circumstances in which the exception applies. Under § 811.1 it applies after conviction while the defendant is "appealing such conviction or seeking post-conviction relief." Under § 763.1 it applied "when the proof [was] evident or the presumption great" and under § 763.2 was absolute after conviction of murder in the first degree or treason.

It was logical for the legislature to make the exception uniformly applicable to all defendants convicted of class A felonies. This further implemented the legislature's purpose of classifying felonies in accordance with its view of their relative gravity and of prescribing equal consequences for convictions of felonies of the same class. Elimination of the right to bail is one of those consequences.

Accordingly a defendant convicted of a class A felony is not entitled to bail "while appealing such conviction" nor is he entitled to bail while "seeking post-conviction relief."

The nub of plaintiff's argument in the present case is that by denying the right to bail to convicted class A felons while seeking postconviction relief the legislature intended, by necessary implication, to recognize the right to bail of all other persons seeking any form of postconviction relief. Thus plaintiff contends he must be within the class of persons bailable "after conviction" within the meaning of § 811.1.

This argument does not answer the issue whether the term "defendants" in § 811.1 embraces "applicants" for postconviction relief. Nor does it answer defendant's contention that if the legislature intended to expand the right to bail to applicants for chapter 663A relief it would have done so affirmatively rather than through merely permitting it to arise by implication from language defining circumstances in which bail is not available.

We think the answer to plaintiff's argument is found in analysis of the nature of the postconviction action provided in chapter 663A.

■ This action supplants the common law writ of habeas corpus "as a means of collateral attack upon conviction and sentence to the extent [it provides] an equivalent substitute * * *." *McElhaney v. Auger,* 238 N.W.2d 797, 799 (Iowa 1976). Like habeas corpus, it is civil in nature and triable at law to the court. *State v. Mulqueen,* 188 N.W.2d 360, 362 (Iowa 1971).

No right to bail existed under former practice when a prisoner petitioned for writ of habeas corpus to attack his conviction and sentence. The habeas corpus statute provides that, "Until the sufficiency of the cause of restraint is determined, the defendant may retain the plaintiff in his custody, and may use all necessary and proper means for that purpose." § 663.40, The Code.

Relevant principles were enunciated in *Orr v. Jackson,* 149 Iowa 641, 128 N.W. 958 (1910), when the habeas corpus statute contained the same provision. In that case a prisoner brought a habeas corpus action challenging the legality of his imprisonment. The trial court dismissed his petition but admitted the plaintiff to bail pending appeal. The legality of the order permitting bail was challenged by certiorari in this court. In deciding the issue the court said:

> Was there any warrant under the statute for the order admitting Seidlitz to bail pending appeal by him to this court from the order of dismissal of his petition? The habeas corpus proceeding was not a criminal proceeding. *State v. Collins,* 54 Iowa 441, 6 N.W. 692. And, if it were, Seidlitz was plaintiff therein, and not defendant. The statutes in relation to bail have no application to such a case. 149 Iowa at 643, 128 N.W. at 960.

Because a petitioner for habeas corpus is not a defendant within the meaning of the bail statutes, those statutes have no application to habeas corpus proceedings.

■ Thus a prisoner who petitioned under prior practice for writ of habeas corpus was not entitled to bail. Even though the chapter 663A postconviction action supplants habeas corpus as a means of collateral attack upon conviction and sentence, it has the same nature and purpose. The bail statutes when the *Orr* case was decided were not materially different from §§ 763.1 and 763.2 insofar as the present issue is concerned. See § 5096, 1907 Code Supp. Hence the *Orr* analysis is equally applicable to postconviction attacks under chapter 663A. On this basis, we think defendants under § 811.1 do not include applicants for relief under chapter 663A just as "defendants" under the 1907 bail statute, § 5096, 1907 Code Supp., did not include habeas corpus petitioners.

■ We also find merit in the second ground of defendant's response to plaintiff's argument. We do not believe the legislature intended to create a right to bail by excepting a defendant convicted of a class A felony from the right to bail while "seeking post-conviction relief." It is unreasonable to believe that the legislature would impliedly create an affirmative right in one group of persons solely by language expressly denying the right to another group. Changes made by revision of a statute will not be construed as altering the law unless the legislature's intent to accomplish a change in its meaning is clear and unmistakable. An intent to make a change does not exist when the revised statute is merely susceptible to two constructions. *Kelly v. Brewer,* 239 N.W.2d 109, 114 (Iowa 1976). We find the language relied on by plaintiff in § 811.1 does not "clearly and unmistakably" manifest a legislative intent to create a new right to bail. As a result we do not think the legislature intended by that language to depart from the prior statutes and expand the right to bail to applicants for postconviction relief under chapter 663A.

The trial court ruled correctly.

WRIT ANNULLED.

All Justices concur.