Charles SUMMAGE, Appellant,

v.

STATE of Iowa, Appellee.

No. 97–207.

Supreme Court of Iowa.

April 22, 1998.

Rehearing Denied June 15, 1998.

Dennis A. Bjorklund, Iowa City, for appellant.

Thomas J. Miller, Attorney General, Mary Tabor, Assistant Attorney General, William E. Davis, County Attorney, and Realff H. Ottesen, Assistant County Attorney, for appellee.

Considered by HARRIS, P.J., and LARSON, CARTER, LAVORATO, and ANDREASEN, JJ.

PER CURIAM.

Charles Summage appeals the district court's dismissal of his application for post-conviction relief. He asserts the district court erred in granting the State's motion for summary judgment and denying his motion for bail pending his appeal of the court's ruling. We affirm.

### I. Factual Background and Proceedings Below.

In October 1993 Summage was convicted of possession of cocaine with intent to deliver, failure to affix a drug-tax stamp, eluding police, and violating traffic control. Sum-

mage appealed alleging, among other things, that the district court erred in denying him a continuance for appointment of substitute counsel and that he received ineffective assistance of counsel. *See State v. Summage,* 537 N.W.2d 692 (Iowa 1995). His convictions were affirmed by the court of appeals and then, upon further review, by this court. *Id.* at 694.

In September 1996 Summage filed an application for postconviction relief alleging, among other things, that there was new evidence justifying a new trial. The State filed a motion for summary judgment and dismissal contending the issues raised in Summage's application were either raised and rejected in his direct appeal and thus barred by the doctrine of res judicata or precluded because they were not raised in his direct appeal and Summage made no allegation of ineffective assistance of appellate counsel.

Summage resisted the motion. He also filed a supplemental resistance alleging that new facts exist which could not have been discovered earlier. In an affidavit attached to the supplemental resistance Summage asserted the new facts were: (1) he had a prior intimate relationship with a juror; and (2) that his trial counsel had also represented his brother at the time of his trial and confused their cases. The district court granted the State's motion and dismissed the application.

In denying Summage's motion to reconsider the district court specifically found his affidavit insufficient to overcome the State's summary judgment motion. It noted the affidavit failed to set forth or establish prejudice resulting from counsel's simultaneous representation of Summage and his brother. The court found Summage's assertion that he did not recognize the juror with whom he had a prior relationship unpersuasive and further that the existence of a past relationship did not establish prejudice.

Summage appealed and filed a motion for release on bond. The district court denied the motion.

## II. Propriety of Summary Judgment.

Iowa Code section 822.6 (1995) provides that the court may grant a motion for summary judgment "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits" that there is "no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Disposition under section 822.6 is analogous to the summary judgment procedure provided in Iowa Rules of Civil Procedure 237–240. *Earnest v. State,* 508 N.W.2d 630, 632 (Iowa 1993).

■ Summary disposition of a postconviction relief application is not proper if a material issue of fact exists. *See* Iowa Code § 822.6 (1995). A fact issue is generated if reasonable minds can differ on how the issues should be resolved, but if the conflict in the record consists only of the legal consequences flowing from undisputed facts, entry of summary judgment is proper. *See Davis v. State,* 520 N.W.2d 319, 321 (Iowa App. 1994).

Summage maintains that the district court erred in granting the State's motion for summary judgment. He contends that genuine issues of material fact exist regarding the new evidence of the juror's alleged partiality and his attorney's alleged confusion between his case and his brother's.

■ Pursuant to section 822.2(4) a person may seek postconviction relief from his or her conviction if "[t]here exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice." We have interpreted section 822.2(4) to require the postconviction relief applicant to establish four elements before a new trial will be granted. *See Jones v. Scurr,* 316 N.W.2d 905, 907 (Iowa 1982). The applicant must show: (1) the evidence was discovered after judgment; (2) the evidence could not have been discovered earlier in the exercise of due diligence; (3) it is material to the issue, not merely cumulative or impeaching; and (4) it would probably change the result if a new trial is granted. *Id.*

■ Viewing the facts in a light most favorable to Summage, *see Davis,* 520 N.W.2d at 321, we agree with the district court's finding that Summage failed to set forth facts

showing that there is a genuine issue for trial. Summage failed to demonstrate how the new evidence that he had a prior intimate relationship with a juror and that his trial counsel simultaneously represented his brother, would probably change the result if a new trial is granted. *See Jones,* 316 N.W.2d at 907. He did not assert in his affidavit that the juror had hostile feelings toward him or was unable to be impartial. Nor did he assert how his counsel's alleged confusion of the Summage brothers' cases resulted in a breach of any essential duty or that prejudice resulted. *See State v. Bugely,* 562 N.W.2d 173, 178 (Iowa 1997). We conclude the district court properly granted the State's motion for summary judgment.

### III. Release Bond.

■ Summage concedes he does not have a right to bail on appeal under the Iowa or Federal Constitutions. *See State v. Kellogg,* 534 N.W.2d 431, 434 (Iowa 1995); *State v. Anderson,* 338 N.W.2d 372, 375 (Iowa 1983). However, he contends he has a statutory right to bail pursuant to Iowa Code section 811.5. To the extent he claims a violation of his statutory rights under the Iowa Code, our review is on error. *See* Iowa R.App. P. 4.; *Kellogg,* 534 N.W.2d at 434.

Summage relies upon the following language of section 811.5 to support his assertion of a statutory right to bail on appeal: "[a]fter conviction, upon appeal to the appellate court, the defendant *must* be admitted to bail. . . ." (Emphasis added.) He also notes that there is no express exclusion of a postconviction relief applicant from the provisions of chapter 811 set forth in section 811.1(2) (excluding defendants appealing convictions of certain offenses from eligibility for bail).

We find the plain language of the statute eliminates Summage from eligibility for bail on appeal. The statute refers throughout to a *defendant*'s eligibility for bail. Section 811.5 provides for bail during certain *criminal* appeals. *See Kellogg,* 534 N.W.2d at 434. Summage is the *applicant* in this civil postconviction action. He is not a criminal defendant. *See Orr v. Jackson,* 149 Iowa 641, 643–44, 128 N.W. 958, 960 (1910) (finding an unsuccessful petitioner for habeas corpus re-

lief ineligible for bail on appeal). We have explained that "[t]he purpose of bail on appeal in a criminal case is only to suspend the execution of judgment pending the appeal." *Id.* There is no such function to be performed where an applicant appeals the dismissal or denial of his or her postconviction relief application. *See id.*

We affirm the district court's dismissal of Summage's application for postconviction relief and reject his claim that he is eligible for bail on appeal pursuant to section 811.5.

**AFFIRMED.**