# IN THE SUPREME COURT OF IOWA

No. 125 / 05-0485

Filed December 29, 2006

**WAYNE ATWOOD, ARTHUR JENNINGS,
DANIEL BELLMAN, and JOHN CARMODY,
on behalf of themselves and all present
and future Iowa Code Chapter 229A pretrial
detainees, and LOREN G. HUSS, JR., JOHN
HENRY NACHTIGALL, TIMOTHY GUSMAN
and LANNY TAUTE, on behalf of themselves
and those similarly situated,**

     Plaintiffs,

vs.

**THE HONORABLE THOMAS J. VILSACK, et al.,**

     Defendants.

---

Certified questions of law from the United States District Court for the Southern District of Iowa, Robert W. Pratt, Judge.

Pre-trial detainees awaiting trial on sexually violent predator petitions brought a class action in the United States District Court for the Southern District of Iowa against the Iowa Department of Corrections and others. The federal court certified a legal question to this court. **CERTIFIED QUESTION ANSWERED**.

Randall C. Wilson of the Iowa Civil Liberties Union Foundation, Des Moines, and Jon M. Kinnamon of Kinnamon, Kinnamon, Russo, Meyer & Keegan, Cedar Rapids, for plaintiffs.

Thomas J. Miller, Attorney General, Gordon E. Allen, Deputy Attorney General, and Mark Hunacek, Assistant Attorney General, for defendants.

**HECHT, Justice.**

The United States District Court for the Southern District of Iowa has certified to us the following question:  Are pre-trial detainees being held pursuant to Iowa Code chapter 229A (2005) entitled to bail under either the common law or the Iowa Constitution?

## I.  *Background Facts and Proceedings.*

The petitioners are a certified class consisting of " '[a]ll present and future pretrial detainees held by the Iowa Department of Corrections, awaiting hearing on their Iowa Code [c]hapter 229A petition, or who were committed pursuant to Iowa Code [c]hapter 229A.' " *Atwood v. Vilsack*, 338 F. Supp. 2d 985, 990 (S.D. Iowa 2004).  They filed suit in the United States District Court for the Southern District of Iowa against the State of Iowa's departments and officials responsible for implementing the pre-trial detention provisions of Iowa Code chapter 229A, the Sexually Violent Predator (SVP) Act.  *Id.* at 990-91.  The petitioners claimed:  (1) the State's failure to initiate SVP proceedings until immediately prior to the discharge of criminal sentences violated their federal right to a speedy trial and right to be free from imposition of double jeopardy, (2) pre-trial detention was in contravention of chapter 229A, (3) pre-trial detention violated their federal and state due process rights to bail, (4) pre-trial detention violated their rights under the Americans with Disabilities Act (ADA), and (5) the conditions of their detention violated their federal due process rights.  *Id.* at 993-1008.  The court certified the question of state law to us.  *Id.* at 1008.

Petitioners urge us to hold the common law entitles detainees to bail during the pre-trial stage of proceedings brought under chapter 229A.  They also assert numerous provisions of the Iowa Constitution entitle them to bail during that stage:  article 1, section 12 (bail guarantee clause); article

1, section 17 (proscribing excessive bail); article 1, section 9 (due process of law); article 1, section 10 (rights of persons accused); article 1, section 21 (banning bills of attainder); article 1, section 8 (protecting personal security); article 1, section 1 (inalienable rights clause); and article 1, section 25 (unenumerated rights clause). For the reasons that follow, we conclude persons detained before trial pursuant to Iowa Code chapter 229A are not entitled to bail under either the common law or under these provisions of the Iowa Constitution.

## II. Discussion.

### A. Common Law Bail Claim.

We have previously acknowledged that although not expressly declared by our statutes or constitution to be part of Iowa law, "the common law has always been . . . in force in Iowa." *Iowa Civil Liberties Union v. Critelli*, 244 N.W.2d 564, 568 (Iowa 1976). The petitioners claim a common law right to bail in the interim between the Iowa district court's finding of probable cause to believe they are sexually violent predators[1] and the subsequent trials to determine whether they are, in fact, sexually violent predators. They cite Blackstone for the proposition that at common law all defendants in civil cases were bailable. *See* William Blackstone, 4 *Commentaries* 294 (1769). Because we are not persuaded, however, that the common law authorized civil commitment of sexually violent predators for long-term care and treatment, any reference in Blackstone's

---

[1] Iowa Code section 229A.5(1) requires the district court, upon the filing of a petition alleging a person is a SVP, to make a preliminary determination of whether the State has shown probable cause to believe the person is a SVP. If the court preliminarily finds probable cause to believe the person is a SVP, the person shall be taken into custody. *Id.* The detainee is thereafter entitled to a probable cause hearing. Iowa Code § 229A.5(2). If the court finds probable cause to believe the detainee is a SVP, the detainee is entitled to a trial to determine whether the detainee is, in fact, a SVP. *See id.* § 229A.7(2).

*Commentaries* to the availability of bail in all civil cases does not suggest a right to bail in the type of case now before us.

Furthermore, any common law claim of entitlement to pre-trial bail in a civil case of this type could not have survived our legislature's enactment of chapter 229A. The common law may be repealed by implication in a statute that plainly expresses the legislature's intent to do so. *Critelli*, 244 N.W.2d at 568; *Wilson v. Iowa City*, 165 N.W.2d 813, 822 (Iowa 1969). Our consideration of whether the legislature intended to prohibit bail at the pre-trial stage in SVP cases begins with the words of the statute.

The subject of bail is expressly addressed in only one section of the statute. Section 229A.5C(1) provides that persons who commit a public offense while detained pursuant to section 229A.5 or while subject to an order of civil commitment shall not be eligible for bail pursuant to section 811.1.[2] The petitioners urge us to interpret section 229A.5C(1) as an expression of the legislature's intent that detainees who have not committed a subsequent offense while detained or committed should be entitled to bail. We must reject the petitioners' suggested interpretation of the statute, however, because we conclude section 229A.5C(1) has no application to this case. That section is intended to preclude access to bail in the *criminal case* filed as a consequence of a new offense committed by a person detained or subject to a civil commitment order. The petitioners in this case claim entitlement to bail in their *civil* SVP proceedings. *See In re Bradford*, 712 N.W.2d 144, 146-47 (Iowa 2006) (holding that the proceedings under the SVP Act are civil); *In re Det. of Garren*, 620 N.W.2d 275, 283-86 (Iowa 2000) (same).

---

[2] Section 811.1 provides that "[a]ll defendants are bailable both before and after conviction, by sufficient surety, or subject to release upon condition or on their own recognizance," except for defendants in certain criminal cases.

Although chapter 229A does not expressly prohibit bail at the pre-trial stage in SVP cases, neither does it expressly authorize bail in such cases. Nonetheless, we discern from the way in which chapter 229A narrowly circumscribes release of detainees the legislature's clear intention to deny bail at the pre-trial stage in SVP proceedings. The only instance in which the release of a detainee is authorized *before* commitment to a secure facility is when, after a hearing, the district court does not find probable cause to believe the detainee is a SVP.[3] In that event, the detainee is not held over for trial and has no need for bail.

The only other detainees who may be released in SVP cases are those who qualify for discharge pursuant to section 229A.5B(1), which in turn authorizes the discharge of detainees under sections 229A.8 or 229A.10. *See* Iowa Code § 229A.5B(1). Section 229A.5B(1) provides:

> A person who is detained pursuant to section 229A.5 or is subject to an order of civil commitment under this chapter shall remain in custody *unless released by court order or discharged* under section 229A.8 or 229A.10. A person who has been placed in a transitional release program or who is under release with or without supervision is considered to be in custody.

(Emphasis added.) Petitioners suggest that this section signals an intent that bail is available to detainees at the pre-trial stage. We disagree. Discharge under sections 229A.8 or 229A.10 may be achieved only after a trial has occurred, the detainee has been found beyond a reasonable doubt to be a SVP, and commitment to the department of human services for control, care and treatment has been ordered.

---

[3] *See* Iowa Code § 229A.5(5) (requiring transfer of the detainee to an appropriate secure facility for an evaluation only "[i]f the court determines that probable cause does exist"). Although the statute does not expressly direct discharge of the detainee in the event probable cause is not established, this is clearly implied.

Once committed, "a rebuttable presumption exists that the commitment should continue." *Id.* § 229A.8(1). Discharge of a detainee committed to a secure facility may be ordered under section 229A.8 if the detainee's condition is subsequently shown to be suitable for discharge.[4] Similarly, a detainee committed to a secure facility may be discharged pursuant to section 229A.10 if it is shown that the person no longer suffers from a mental abnormality making it likely that the person will engage in predatory acts constituting sexually violent offenses.[5] Discharge under sections 229A.8 or 229A.10 is a remedy available to a detainee only after (1) commitment has been ordered, and (2) the detainee's mental condition has improved so that transfer to a transitional program, release with or without conditions, or discharge is appropriate. In summary, it is clear that the petitioners have no access to bail under chapter 229A because (1) the district court found probable cause to believe they are sexually violent predators, and (2) the remedies of release and discharge are not available at the pre-trial stage in the interim between a finding of probable cause and trial of the claim that petitioners are SVPs.

Yet another feature of chapter 229A compels us to conclude the legislature intended to preclude bail at the pre-trial stage. Section 229A.7(7) provides in relevant part: "Upon a mistrial, the court shall direct

---

[4] After commitment to a secure facility, a person may petition the court for placement in a transitional release program. *See* Iowa Code §§ 229A.8(4), 229A.8A. Release may be ordered with or without supervision. *Id.* § 229A.9A(1).

[5] Section 229A.7(5) provides:

If [at trial] the court or jury determines that the respondent is a sexually violent predator, the respondent shall be committed to the custody of the director of the department of human services for control, care, and treatment until such time as the person's mental abnormality has so changed that the person is safe to be placed in a transitional release program or discharged.

that the respondent be held at an appropriate secure facility until another trial is conducted." This provision unmistakably discloses by implication the legislature's intent that detention shall continue after the district court has made a finding of probable cause until the question of whether the detainee is in fact a SVP has been adjudicated. Accordingly, we conclude the legislature clearly intended chapter 229A to preclude bail for detainees at the pre-trial stage. Consequently, any claim to bail based upon common law that antedated the adoption of chapter 229A is without merit.

Finally, our conclusion that the legislature intended to deny bail to detainees at the pre-trial stage of SVP cases is strongly influenced by the legislative findings set out in section 229A.1. The statute was adopted "to protect the public, to respect the needs of the victims of sexually violent offenses, and to encourage full, meaningful participation of sexually violent predators in treatment programs." *Id.* Admitting an individual to bail before trial when there is probable cause to believe he or she is a sexually violent predator would not further the legislature's purposes. *See Martin v. Reinstein*, 987 P.2d 779, 795 (Ariz. 1999) (noting that Arizona's SVP statute does not require access to bail because of legislators' concerns about public safety); *Commonwealth v. Knapp*, 804 N.E.2d 885, 890 (Mass. 2004) (interpreting the Massachusetts SVP statute to require confinement without bail after a finding of probable cause, in part because of the legislative purpose of protecting the public).

### B. *Entitlement to Bail Under the Iowa Constitution.*

#### i. *Iowa Constitution Article 1, Section 9 (Due Process).*[6]

---

[6] "The right of trial by jury shall remain inviolate; but the General Assembly may authorize trial by a jury of a less number than twelve men in inferior courts; but no person shall be deprived of life, liberty, or property, without due process of law." Iowa Const. art. I, § 9.

The certifying court in this case has concluded the denial of bail at the pre-trial stage did not violate the petitioners' substantive due process rights under the federal constitution. *Atwood*, 338 F. Supp. 2d at 998. We are asked to decide the separate question whether petitioners are entitled to bail under the Due Process Clause in the Iowa Constitution. *See* Iowa Const. art. I, § 9 (stating "no person shall be deprived of life, liberty, or property, without due process of law"). "This court has traditionally considered the federal and state due process provisions to be equal in scope, import, and purpose." *In re Det. of Garren*, 620 N.W.2d at 284 (citing *In re Interest of C.P.,* 569 N.W.2d 810, 812 (Iowa 1997); *Exira Cmty. Sch. Dist. v. State,* 512 N.W.2d 787, 792 (Iowa 1994)). Although "[w]e have an interest in harmonizing our constitutional decisions with those of the Supreme Court when reasonably possible, . . . we recognize and will jealously guard our right and duty to differ in appropriate cases." *State v. Olsen,* 293 N.W.2d 216, 219-20 (Iowa 1980).

Substantive due process principles preclude the government "from engaging in conduct that 'shocks the conscience,' or interferes with rights 'implicit in the concept of ordered liberty.' " *United States v. Salerno*, 481 U.S. 739, 746, 107 S. Ct. 2095, 2101, 95 L. Ed. 2d 697, 708 (1987) (citations omitted). To assess the petitioners' substantive due process claim, we first define the nature of the involved right. *In re Det. of Cubbage*, 671 N.W.2d 442, 446 (Iowa 2003). "[F]reedom from physical restraint 'has always been at the core of the liberty protected by the Due Process Clause from arbitrary governmental action.' " *Kansas v. Hendricks*, 521 U.S. 346, 356, 117 S. Ct. 2072, 2079, 138 L. Ed. 2d 501, 511-12 (1997) (quoting *Foucha v. Louisiana*, 504 U.S. 71, 80, 112 S. Ct. 1780, 1785, 118 L. Ed. 2d 437, 448 (1992)). Although the liberty interest of an individual to be free

from physical restraint has been described as "a paradigmatic fundamental right," *Knapp*, 804 N.E.2d at 891, the Supreme Court has noted that the interest is not absolute. *Hendricks*, 521 U.S. at 356, 117 S. Ct. at 2079, 138 L. Ed. 2d at 512. States, including Iowa, have "in certain narrow circumstances provided for the forcible civil detainment of people who are unable to control their behavior and who thereby pose a danger to the public health and safety." *Id.* at 357, 117 S. Ct. at 2079, 138 L. Ed. 2d at 512. Involuntary civil commitment statutes have withstood due process challenges if they authorize detention pursuant to proper procedures and evidentiary standards. *Id.* at 357, 117 S. Ct. at 2080, 138 L. Ed. 2d at 512.

Petitioners do not advance here the broad notion that they have a due process right not to be involuntarily detained prior to the adjudication of their status under chapter 229A. They instead make the narrower claim that once detained, they have a due process right to bail at the pre-trial stage under the Iowa Constitution. The question whether the claimed right is fundamental is one of first impression for this court. In *In re Detention of Garren*, 620 N.W.2d 275 (Iowa 2000), we did not decide whether a detainee's liberty interest is fundamental because we concluded chapter 229A passed muster even when judged under a strict scrutiny standard. *Id.* at 286.[7] We also rejected Garren's claim that substantive due process required placement of SVPs in the "least restrictive placement." *Id.* at 285 (noting that "even if such a right did exist, it is not a 'fundamental right' " (citation omitted)).

---

[7] Unlike the petitioners, Garren presented an equal protection challenge. In an earlier SVP case, we applied a rational basis analysis to an equal protection claim because the appellant failed to preserve a claim that the reasonableness of the classification should be subjected to strict scrutiny. *In re Det. of Morrow*, 616 N.W.2d 544, 548 n.1 (Iowa 2000).

As in *Garren,* we conclude it is unnecessary for us to resolve the question whether the petitioners' claimed interest is fundamental. Even under strict scrutiny analysis, chapter 229A comports with substantive due process standards. The state's interest in detaining persons during the interim between the district court's finding of probable cause and the trial of the SVP claim is compelling. It is an interest in protecting the public from "a small but extremely dangerous group" of persons who are highly likely to engage in "repeat acts of predatory sexual violence" if not detained. *See* Iowa Code § 229A.1; *In re Det. of Williams,* 628 N.W.2d 447, 458 (Iowa 2001) (finding a compelling state interest in "protecting society from a person prone to sexually assaulting children"); *In re Det. of Garren,* 620 N.W.2d at 286 (finding the confinement of sexually violent predators in a secure facility served the compelling State interest in "protection of the public").

The restriction of liberty resulting from the denial of bail at the pre-trial stage in these cases is narrowly tailored. *See City of Panora v. Simmons,* 445 N.W.2d 363, 367 (Iowa 1989) (noting that a statute will survive strict scrutiny analysis only if it is narrowly drawn to serve a compelling state interest). Pre-trial detention without access to bail is limited to a specific category of dangerous persons who have been convicted of or charged with a sexually violent offense and who suffer from a mental abnormality that makes them likely to engage in predatory acts constituting sexually violent offenses, if not confined in a secure facility. *See* Iowa Code § 229A.2(11).

The significant procedural protections afforded detainees during the pre-trial stage in SVP cases strongly influence our determination that the statute is narrowly tailored. A person may not be detained under chapter 229A until after (1) the attorney general files a petition alleging that the

person is a SVP and stating sufficient facts to support such an allegation (section 229A.4(1)), and (2) a district court has made a preliminary determination that the person named in the petition is a SVP (section 229A.5(1)). Once detained, the person is entitled to a hearing in the district court within seventy-two hours[8] to determine whether probable cause exists to believe the detained person is a SVP. *See id.* § 229A.5(2). At the probable cause hearing, the detainee has the right to appear in person with counsel, challenge the preliminary finding of probable cause by presenting evidence, cross-examine the state's witnesses, and access all petitions and reports in the possession of the court. *See id.* § 229A.5(2)(*a*)-(*g*). If, after the hearing, the district court finds probable cause to believe the detainee is a SVP, the detainee is entitled to a timely trial to determine whether he is, in fact, a SVP.[9]

Our decision today is consistent with a series of prior decisions upholding chapter 229A against substantive due process claims under the Iowa Constitution. We have repeatedly held that civil commitment of a SVP does not violate substantive due process. *In re Det. of Darling*, 712 N.W.2d 98, 101 (Iowa 2006) (holding that civil commitment of a person with an untreatable condition was consistent with substantive due process under the Iowa Constitution); *In re Det. of Betsworth*, 711 N.W.2d 280, 289 (Iowa 2006) (same); *In re Det. of Hodges*, 689 N.W.2d 467, 470 (Iowa 2004)

---

[8] The hearing may be waived by the detainee or may be continued "upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice, . . . if the [detained person] is not substantially prejudiced." Iowa Code § 229A.5(2).

[9] The trial shall be held within ninety days after "either the entry of an order waiving the probable cause hearing or completion of the probable cause hearing," unless the trial is "continued upon the request of either party and a showing of good cause, or by the court on its own motion in the due administration of justice . . . when the [detainee] will not be substantially prejudiced." *See* Iowa Code § 229A.7(3).

(holding that civil commitment on the basis of an antisocial personality disorder was consistent with substantive due process under the Iowa Constitution); *In re Det. of Cubbage*, 671 N.W.2d at 445-48 (finding no fundamental right to be competent during SVP statute proceedings and, thus, that commitment of incompetent people is consistent with substantive due process under the Iowa Constitution).

ii.      *Iowa Constitution Article I, Section 12 (Bail Guarantee).*[10]

Iowa's bail guarantee clause only applies to criminal cases. *See Allen v. Wild*, 249 Iowa 255, 259, 86 N.W.2d 839, 842 (1957) (finding that the bail guarantee clause does not guarantee bail in civil extradition proceedings because the clause only has "reference to persons charged with offenses against the laws of the State of Iowa"); *Orr v. Jackson,* 149 Iowa 641, 643-44, 128 N.W. 958, 960 (1910) (holding that the bail guarantee clause is not applicable in a habeas corpus proceeding because such proceedings are civil); *cf. Martin v. Reinstein*, 987 P.2d 779, 788 (Ariz. 1999) (finding that the Arizona Constitution's bail guarantee only applies in the "criminal context"). Because petitioners are pre-trial detainees in civil commitment proceedings, not criminal proceedings, the bail guarantee clause does not entitle them to bail.[11]

iii.      *Iowa Constitution Article I, Section 17 (Excessive Bail).*[12]

Due to the similarity between the Federal and Iowa Excessive Bail Clauses, the Iowa Supreme Court " 'look[s] to the interpretations by the United States Supreme Court for guidance in interpreting [Iowa's] clause.' "

---

[10] "All persons shall, before conviction, be bailable, by sufficient sureties, except for capital offences where the proof is evident, or the presumption great."  Iowa Const. art. I, § 12.

[11] Proceedings under chapter 229A are civil.  *See In re Bradford*, 712 N.W.2d at 146-47; *In re Det. of Garren,* 620 N.W.2d at 283-86.

[12] "Excessive bail shall not be required . . . ."  Iowa Const. art. I, § 17.

*State v. Briggs*, 666 N.W.2d 573, 584 (Iowa 2003) (citing *State v. Izzolena*, 609 N.W.2d 541, 547 (Iowa 2000)). The Federal Constitution's Excessive Bail Clause only prohibits excessive bail in cases "where it is proper to grant bail"; it does not impliedly create a right to bail. *Carlson v. Landon*, 342 U.S. 524, 545, 72 S. Ct. 525, 537, 96 L. Ed. 547, 563 (1952). Because petitioners offer no reason for us to interpret the Iowa Constitution's Excessive Bail Clause differently, we conclude that it does not create a right to bail, but instead only ensures that properly granted bail is not excessive. Accordingly, petitioners' claim that the Iowa Excessive Bail Clause entitles them to bail must fail.

*iv.    Iowa Constitution Article I, Section 8 (Personal Security).*[13]

Iowa law is unclear regarding whether article I, section 8 applies in a civil context, such as commitment proceedings under chapter 229A. The Iowa Supreme Court generally interprets article I, section 8 of the Iowa Constitution to track federal interpretations of the Fourth Amendment. *See State v. Jones*, 666 N.W.2d 142, 144 (Iowa 2003). The United States Supreme Court has applied the Fourth Amendment in both civil and criminal contexts. *See United States v. James Daniel Good Real Prop.*, 510 U.S. 43, 49, 114 S. Ct. 492, 499, 126 L. Ed. 2d 490, 500 (1993) (noting that the Fourth Amendment "place[s] restrictions on seizures conducted for purposes of civil forfeiture"); *United States v. Verdugo-Urquidez*, 494 U.S. 259, 264, 110 S. Ct. 1056, 1060, 108 L. Ed. 2d 222, 232 (1990) (observing that the "Fourth Amendment . . . prohibits 'unreasonable searches and

---

[13] Iowa Constitution article I, section 8, states:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable seizures and searches shall not be violated; and no warrant shall issue but on probable cause, supported by oath or affirmation, particularly describing the place to be searched, and the persons and things to be seized.

seizures' whether or not the evidence is sought to be used in a criminal trial").

We recognize that we may interpret the Iowa Constitution differently, but the parties suggest no reason for us to do so. We accordingly hold that article I, section 8 applies in a civil context. Petitioners thus fall within the ambit of protection afforded by the personal security guarantee of article I, section 8.

We now turn to whether the seizure[14] of petitioners was "reasonable" under article I, section 8. To determine whether governmental action is "reasonable" under this constitutional provision, the Iowa Supreme Court balances an individual's interests with the State's interests. *State v. Naujoks*, 637 N.W.2d 101, 107 (Iowa 2001). We find that the State's pre-trial seizure of petitioners is reasonable because the State's weighty interest in protecting the public from an "extremely dangerous" class of people outweighs an individual's interest in being free on bail for ninety days between a probable cause hearing and trial. *See* Iowa Code § 229A.1.

> v.     *Iowa Constitution Article I, Section 10 (Rights of the Accused).*[15]

Article I, section 10 does not entitle petitioners to bail because this provision only applies to criminal proceedings. It protects only the rights of

---

[14] Pre-trial detention is undisputedly a "seizure." It constitutes a "show of authority" that restrains the individual. *See State v. Reindeers*, 690 N.W.2d 78, 82 (Iowa 2004) (" 'A seizure occurs when an officer by means of physical force or show of authority in some way restrains the liberty of a citizen.' " (quoting *State v. Pickett*, 573 N.W.2d 245, 247 (Iowa 1997))).

[15] Iowa Constitution article I, section 10, states:

In all criminal prosecutions, and in cases involving the life, or liberty of an individual the accused shall have a right to a speedy and public trial by an impartial jury; to be informed of the accusation against him, to have a copy of the same when demanded; to be confronted with the witnesses against him; to have compulsory process for his witnesses; and, to have the assistance of counsel.

an "accused," not the rights of an individual facing potential civil commitment pursuant to Iowa's SVP statute.

In addition, even if this were a criminal proceeding, petitioners could not rely on article I, section 10. This provision does not include among its express protections a right to bail.

*vi.* *Iowa Constitution Article I, Section 21 (Bills of Attainder).*[16]

A bill of attainder "is a legislative determination that metes out punishment to a particular individual or a designated group of persons without a judicial trial." *State v. Phillips*, 610 N.W.2d 840, 843 (Iowa 2000). Three elements comprise a bill of attainder: a specific legislative target, imposition of punishment, and absence of a judicial trial. *Id.*

The determinative element in this case is imposition of punishment. To assess whether a law imposes punishment, we look to the intentions of the legislature. *See State v. Swartz*, 601 N.W.2d 348, 351 (Iowa 1999) (noting that if a law is "designed to accomplish some other legitimate governmental purpose [besides imposition of punishment] it should stand"); *Doe v. Poritz*, 662 A.2d 367, 396 (N.J. 1995) ("What counts . . . is the purpose and design of the statutory provision, its remedial goal and purposes, and not the resulting consequential impact, the 'sting of punishment,' that may inevitably, but incidentally, flow from it."). By enacting Iowa's SVP statute, the legislature did not intend to punish sexually violent predators. Rather, the stated purposes of the statute are to protect society and facilitate treatment of sexually violent predators. Iowa Code § 229A.1. Therefore, the SVP statute is not a bill of attainder that impermissibly denies petitioners the right to bail.

---

[16] "No bill of attainder, ex post facto law, or law impairing the obligation of contracts, shall ever be passed." Iowa Const. art. I, § 21.

*vii. Iowa Constitution Article I, Section 25 (Unenumerated Rights)*[17] *and Article I, Section 1 (Inalienable Rights).*[18]

Petitioners' claims that Iowa Constitution article I, section 25, the unenumerated rights clause, and Iowa Constitution article I, section 1, the inalienable rights clause, entitle them to bail fail for essentially the same reason. Both the inalienable rights clause and the unenumerated rights clause secure to the people of Iowa common law rights that pre-existed Iowa's Constitution. *See Gacke v. Pork Xtra, L.L.C.*, 684 N.W.2d 168, 176 (Iowa 2004) (citing *May's Drug Stores v. State Tax Comm'n*, 242 Iowa 319, 329, 45 N.W.2d 245, 250 (1950)) ("We have held [the inalienable rights clause] was intended to secure citizens' pre-existing common law rights (sometimes known as 'natural rights') from unwarranted government restrictions."); *State ex rel. Burlington & Mo. River R.R. v. County of Wapello*, 13 Iowa 388, 412 (1862) (concluding that the purpose of the unenumerated rights clause is to "bring . . . unenumerated rights retained by the people, founded equally . . . upon natural justice and common reason . . . within the censorship of courts of justice . . . when . . . [the rights are] assailed"). To resolve this case, however, we need not determine whether a common law right to bail in civil commitment proceedings pre-existed the Constitution, as the petitioners urge us to do. Even if the right to bail in civil commitment proceedings pre-existed the Constitution and consequently falls within the ambit of the protections afforded by the unenumerated rights and inalienable rights clauses, the SVP statute is reasonable and, thus, constitutional.

---

[17] "This enumeration of rights shall not be construed to impair or deny others, retained by the people." Iowa Const. art. I, § 25.

[18] Iowa Constitution article I, section 1, states, "All men are, by nature, free and equal, and have certain inalienable rights—among which are those of enjoying and defending life and liberty, acquiring, possessing and protecting property, and pursuing and

It is well-established that the protections of Iowa's inalienable rights clause are not absolute. *See Gacke*, 684 N.W.2d at 176. The clause does not prevent all legislative action taken pursuant to the police power that benefits the community and impacts an inalienable right (i.e. a common law or natural right). *See id.* Instead, it prevents only arbitrary, unreasonable legislative action that impacts an inalienable right. *See id.* (citing *Gibb v. Hansen*, 286 N.W.2d 180, 186 (Iowa 1979); *May's Drug Stores*, 242 Iowa at 329, 45 N.W.2d at 250; *Benschoter v. Hakes*, 232 Iowa 1354, 1361, 8 N.W.2d 481, 485 (1943); *State v. Osborne*, 171 Iowa 678, 693, 154 N.W. 294, 300 (1915)).

We find that the unenumerated rights clause similarly prohibits not all legislative action, but instead only unreasonable action. The petitioners root their argument that the unenumerated rights clause entitles them to bail in the assumption that unenumerated rights are absolute and may not be the subject of legislative action, even if reasonable. This interpretation of the unenumerated rights clause would effectively disallow all legislative action as to all unenumerated rights. Such an interpretation of the unenumerated rights clause would substantially limit the power of the legislature to enact laws, such as the SVP statute, that protect the public.

Moreover, we have previously recognized that the unenumerated rights clause limits, not eliminates, the State's power to legislatively impact unenumerated rights. In *State ex rel. Burlington & Mo. River R.R. v. County of Wapello,* we noted the theoretical inconsistency between two prevalent legal doctrines: "the doctrine that the Constitution allows the legislature the use of every power which it does not positively prohibit," and the doctrine that the Constitution reserves to the people all rights "secured

obtaining safety and happiness."

under our plan of government." 13 Iowa at 413. An inconsistency arises in that a legislature with "full and uncontrolled sway" to act in all ways not specifically prohibited in the Constitution would inevitably infringe upon rights reserved to the people. *Id.* In *Wapello,* we concluded that while the legislature may take actions to benefit the community, the Iowa Constitution's reservation of unenumerated rights to the people limits "an abuse" of legislative power. *Id.* at 412-15.

Having concluded that the legislature may take reasonable action that impacts rights protected by the inalienable rights and unenumerated rights clause, we turn to whether the SVP statute is reasonable. Because of the State's interests in rehabilitating sexually violent predators and protecting the public, we find that pre-trial detention under the SVP statute is a reasonable, and thus constitutional, exercise of legislative power.

### III. *Conclusion.*

We conclude that pre-trial detainees being held pursuant to Iowa Code chapter 229A are not entitled to bail under either the common law or the Iowa Constitution. The clerk of the supreme court is directed to send a copy of this opinion under the seal of the court to the certifying court and the parties. Iowa Code § 684A.7. The clerk shall also prepare and transmit a bill of costs to the clerk of the certifying court. Iowa R. App. P. 6.459. The clerk of the certifying court shall be responsible for apportioning and collecting costs. *Id.*

**CERTIFIED QUESTION ANSWERED.**

All justices concur except Appel, J., who takes no part.