# IN THE COURT OF APPEALS OF IOWA

No. 15-1423
Filed December 21, 2016

**DANNY WAYNE RANKINS,**
    Petitioner-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Mary Pat Gunderson,

Judge.

Danny Wayne Rankins has appealed from the summary dismissal of his

second application for postconviction relief.  **AFFIRMED.**

Alexander Smith of Parrish Kruidenier Dunn Boles Gribble Gentry Brown

& Bergmann, L.L.P, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Thomas E. Bakke, Assistant

Attorney General, for appellee.

Considered by Vogel, P.J., Mullins, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

Danny Wayne Rankins has appealed from the summary dismissal of his second postconviction-relief request.

## I.      Background Facts and Proceedings

There was an armed robbery at an Arby's restaurant in Des Moines on January 18, 2006. Rankins was identified as the driver of the getaway car by two witnesses. One of those witnesses was Rick Knutson. The getaway car was stopped by police, but the other occupant of the car was able to get out and escape on foot. A loaded revolver found in the car was later identified as the revolver involved in the robbery.

There was reason to believe the other person involved in the robbery was Randy Cason. Robbery charges were filed against both Cason and Rankins, but the charge against Cason was dismissed, apparently because of a lack of adequate identification. One of the witnesses that identified Rankins was Rick Knutson. Knutson signed an affidavit dated April 15, 2006, stating in its relevant part:

> I Rick P. Knutson did not witness seeing a Randy Cason on or about 1-18-06 at or near an Arby's restaurant or bowling alley on N.E. 14th St. in D.S.M. getting into a Cadillac or Lincoln or any vehicle. Furthermore, I have just met Mr. Cason here in Bethany, Mo. and am repulsed by statements trying to construe me against a fellow man.

Rankins denied any involvement in the robbery. A more detailed account of the events surrounding the January 18, 2006 robbery is set out in the direct appeal. *See State v. Rankins*, No. 06-0999, 2007 WL 2712066, at *1-2 (Iowa Ct. App. Sept. 19, 2007).

Rankins was convicted of robbery in the first degree and was sentenced to a twenty-five-year term of incarceration. He appealed, and the conviction and sentence were affirmed, but the issue of ineffective assistance of counsel was reserved for postconviction relief. *Id.* at *5. Procedendo issued on November 20, 2007.

In June 2008, Rankins filed a petition requesting postconviction relief, and it was denied. Rankins appealed, and the denial was affirmed. *See Rankins v. State*, No. 12-0056, 2014 WL 1494898, at *6 (Iowa Ct. App. Apr. 16, 2014).

On October 27, 2014, Rankins filed this, his second postconviction-relief request. The State followed by filing a motion for summary judgment. The State's motion was predicated on the expiration of the three-year statute of limitation provided by Iowa Code section 822.3 (2013). The motion for summary judgment was granted.

Again, Rankins has appealed. Rankins contends that the affidavit of Knutson is newly discovered evidence and is "a fact . . . that could not have been raised within the applicable time period" and it is therefore an exception to the three-year bar of section 822.3. Rankins further refers to the affidavit as exculpatory evidence the State failed to disclose.

**II.      Summary Judgment- Statute of Limitations**

*A. Error Preservation*

The State does not contest the preservation of error as to the summary judgment issue.

*B. Standard of Review*

In considering postconviction-relief claims, including dispositions based on the statute of limitations, our review is for correction of errors at law. *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003).

*C. Discussion*

The court may grant a motion for summary judgment "when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact together with any affidavit submitted that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Iowa Code § 822.6. Rankins contends there is an issue of material fact as to whether the Knutson affidavit was an after-discovered material fact within the meaning of the statute and, therefore, the granting of the summary motion was inappropriate.

The first requirement to establish evidence as newly discovered is to show that the evidence was discovered after judgment. *Summage v. State*, 579 N.W.2d 821, 822 (Iowa 1998). Exculpatory evidence is not suppressed when a defendant knows of its existence. *Mark v. State*, 568 N.W.2d 820, 823 (Iowa Ct. App. 1997). Information known prior to expiration of the statute of limitation is not after or newly discovered evidence. *Cornell v. State*, 529 N.W.2d 606, 611 (Iowa Ct. App. 1994).

Rankins's own appellate brief admits the Knutson affidavit was an exhibit attached to a deposition he took prior to trial. Rankins's pro se filings and his trial counsel's resistance to the motion for summary judgment indicate the affidavit was an exhibit attached to a deposition taken by Cason as a codefendant rather

than at the insistence of Rankins. Whatever its derivation, Rankins knew of the affidavit and the evidence it conveyed both before trial and at the time of the original postconviction-relief request.

Further evidence of his knowledge of the affidavit is disclosed by a letter Rankins wrote that was received by the office of the Polk County Clerk of Court on April 18, 2008. In the letter, Rankins requested "the sworn affidavit of State's witness Knutson." The clerk replied, "We are unsure what you are referring to when you mention 'sworn affidavit.' If you are referring to a written deposition, it is not available in this office." It is clear that Rankins knew of the affidavit and its contents within the three years after procedendo was issued.

Rankins used the letter from the clerk of court as a basis for contending he did not raise the issue in his original request for postconviction relief because he thought the affidavit had been destroyed. He also uses the clerk's letter as a basis for his contention the State withheld exculpatory evidence. Even if the affidavit was not available in exhibit form, the evidence of what the affidavit contained was clearly known by Rankins prior to the time of trial. Furthermore, there is no evidence the prosecution withheld anything. Rankins's whole claim is based on the affidavit itself as an instrument and not the evidence it contained. It is the evidence itself—not the form—that is critical in determining whether the information contains a new fact. *See Cornell*, 529 N.W.2d at 611 ("Clearly the focus of the inquiry is not on the form of the evidence but the opportunity to present the claim.").

Rankins asserts the trial court should have denied the motion for summary judgment because the State failed to establish the affidavit was not later-

discovered evidence. The State met its burden to establish the claim was barred by the statute of limitations. Rankins did not and could not dispute that the statute of limitations had run. Newly discovered evidence would have extended the statute of limitations. However, the newly-discovered-fact exception is similar to an affirmative defense in that the defendant bears the burden of proof. *See Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003) (setting forth what an applicant must establish to succeed on a claim of newly discovered evidence). Generally, to avoid a summary judgment by way of an affirmative defense, it is necessary to set out the facts upon which the affirmative defense is based. *See Fees v. Mut. Fire & Auto Ins.*, 490 N.W.2d 55, 58 (Iowa 1992). Rankins failed to submit any facts that supported his assertion that he did not know about the contents of the Knutson affidavit. His knowledge of the contents of Knutson's affidavit preceded his trial, as well his first request for postconviction relief. The motion for summary judgment was correctly granted.

### III. Constitutionality of Iowa Code Section 822.3

#### *A. Error Preservation*

Issues must ordinarily be both raised and ruled on by the district court before they will be decided on appeal. *Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). It is arguable that Rankins raised the constitutional issue in his pro se brief, but the district court did not rule on the issue. In order to preserve an error for appeal in such a situation, a motion requesting the ruling on the issue must be made. *Lamasters v. State,* 821 N.W.2d 856, 864 (Iowa 2012). Rankins filed no such motion. Error has not been preserved as to the issue of constitutionality.

Even if error had been preserved on Rankins's claim that section 822.3 is a violation of the right to habeas corpus, our supreme court has already rejected that contention, holding "the three-year limitation contained in section 633A.3 [now section 822.3] does not violate the constitutional prohibition against the suspension of the writ of habeas corpus." *Davis v. State*, 443 N.W.2d 707, 710 (Iowa 1989). The *Davis* case is dispositive of Rankins's claim of the unconstitutionality of Iowa Code section 822.3.

The decision of the trial court is in all respects affirmed.

**AFFIRMED.**