# IN THE COURT OF APPEALS OF IOWA

No. 18-1377
Filed January 9, 2020

**FRED MOORE,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

Applicant appeals the district court order denying his request for postconviction relief from his conviction of first-degree murder. **AFFIRMED.**

Heidi Young of Parrish Kruidenier Dunn Boles Gentry Brown & Bergmann, L.L.P., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., Mullins, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

Fred Moore appeals the district court order denying his request for postconviction relief from his conviction of first-degree murder. We determine the district court did not err by finding Moore did not show he was entitled to relief on the basis of newly-discovered evidence. We also find no error in the district court's conclusion Moore did not meet the standard necessary to prove his claim of actual innocence. We affirm the district court's decision denying Moore's application for postconviction relief.

## I. Background Facts & Proceedings

Moore was convicted of first-degree murder, in violation of Iowa Code section 707.2 (1997). Moore shot Lamar Jones in a gang-related incident. Moore was sentenced to serve the rest of his life in prison. His conviction was affirmed on appeal. *State v. Moore*, No. 98-1038, 1999 WL 1136569, at *4 (Iowa Ct. App. Dec. 13, 1999). Procedendo issued on March 13, 2000.

In Moore's first application for postconviction relief, he claimed he received ineffective assistance because defense counsel failed to object to evidence of prior possession of firearms and gang activity. *Moore v. State*, No. 03-1223, 2004 WL 2387040, at *2 (Iowa Ct. App. Oct. 27, 2004). We affirmed the district court's decision denying his request for postconviction relief. *Id.* at *6.

On March 14, 2005, Moore filed a second application for postconviction relief. The application was denied by the district court on the ground his claim was barred by the three-year time limitation in section 822.3 (2005). The appeal was dismissed on the ground it was frivolous. *See* Iowa R. App. P. 6.1005.

Moore's third application for postconviction relief was filed on May 9, 2013. He sought "a retroactive extension of the holding in *State v. Heemstra,* 721 N.W.2d 549, 557 (Iowa 2006), to his 1997 conviction." *Moore v. State*, No. 14-1241, 2016 WL 1358489, at *1 (Iowa Ct. App. Apr. 6, 2016). The district court determined Moore's claim was untimely because it was not filed until more than six years after *Heemstra* was decided. *Id.* at *2. We affirmed the decision of the district court. *Id.* at *3.

Moore filed his present application for postconviction relief, his fourth, on July 28, 2015. The State filed a motion for summary judgment, claiming the application was time barred under section 822.3 (2015). Moore responded that his claim came within an exception to the three-year time period in section 822.3 for "a ground of fact or law that could not have been raised within the applicable time period" because it was newly-discovered evidence.

At the postconviction hearing, Moore testified he met "a guy" who was a cellmate with Marion Harris's brother, and this "guy" told him Aaron Rankins lied in Harris's criminal case. Moore submitted a transcript from Harris's 2006 criminal trial. Harris and Rankins were cousins and Rankins testified they worked together to sell drugs. On cross-examination, Rankins stated he "pump[ed] the toilet" while in jail and talked to other inmates by this method. According to Moore, inmates at the old Polk County jail could take the water out of the toilets to talk to other individuals through the pipes. At Harris's trial, Rankins denied talking to others about Harris's case in this way.

Rankins was a witness in Moore's criminal case. Moore stated he now believed Rankins talked to Clifford Frazier, who also testified in Moore's criminal

trial, by "pumping the toilet," and they worked together against him. Defense counsel hired a private investigator but was unable to get information from the witnesses in Moore's criminal trial about this matter. Moore claims Rankins lied in Harris's criminal case and this means he lied in Moore's case.

Moore also testified he had recently learned some of the witnesses in his criminal trial had prior criminal convictions that would have been impeachable. Additionally, the victim had a prior conviction for attempted murder. He states these convictions should have been raised during his criminal trial.

The district court noted, "Mr. Moore's claim of newly discovered evidence of allegedly false witness testimony is based upon information that did not exist at the time of his trial." Rankins testified at Harris's trial nine years after testifying at Moore's trial. The court also found the information was so tenuous it would not have been admissible at Moore's criminal trial even if it had been available at that time. The court determined the evidence of witnesses' prior convictions was not newly-discovered evidence. The court granted the State's request for a summary disposition on these issues.

Moore had other claims that remained pending and the State requested a more specific statement of these claims. In a recast petition, Moore raised a claim of actual innocence, stating he had been acting in self defense when he shot Jones because Jones had a gun. The court found Moore did not meet his burden of proof to show actual innocence. The court denied Moore's application for postconviction relief. He appeals.

## II.     Newly-Discovered Evidence

Moore contends the district court erred in granting a summary disposition to the State on his claims of newly-discovered evidence.  "In determining whether summary judgment is warranted, the moving party has the burden of proving the material facts are undisputed." *Castro v. State*, 795 N.W.2d 789, 792 (Iowa 2011). "We examine the facts in the light most favorable to the nonmoving party." *Id.*  In postconviction actions, we review summary dispositions for the correction of errors at law.  *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

Under section 822.2(1)(d), a person may be entitled to postconviction relief if "[t]here exists evidence of material facts, not previously presented and heard, that requires vacation of the conviction or sentence in the interest of justice."  In order to prevail on a claim of newly-discovered evidence, there must be a showing:

> (1) that the evidence was discovered after the verdict; (2) that it could not have been discovered earlier in the exercise of due diligence; (3) that the evidence is material to the issues in the case and not merely cumulative or impeaching; and (4) that the evidence probably would have changed the result of the trial.

*More v. State*, 880 N.W.2d 487, 499 (Iowa 2016) (quoting *Jones v. State,* 479 N.W.2d 265, 274 (Iowa 1991)).  An applicant must establish all four elements before postconviction relief will be granted.  *Summage v. State*, 579 N.W.2d 821, 822 (Iowa 1998).

**A.**     Moore claims summary disposition was not proper because there was a genuine issue of material fact concerning his assertion there was newly-discovered evidence that witnesses at his criminal trial had been untruthful.  "In addition to the obvious requirement that an applicant relying on section 822.3 must show the alleged ground of fact could not have been raised earlier, the applicant

must also show a nexus between the asserted ground of fact and the challenged conviction." *Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). The newly-discovered evidence must be relevant and likely to change the result of the case. *Id.*

The district court found the evidence Rankins and Frazier were not truthful at Moore's criminal trial was tenuous. The court stated even assuming Rankins was not truthful at Harris's trial, there is no reason to think he would have testified falsely at Moore's criminal trial nine years earlier. The court also found that even if the evidence had been available at Moore's trial, it was so tenuous it would not have been admissible. Moore's claim was based on hearsay based on hearsay. The court concluded there was no nexus between Moore's information Rankins might have testified falsely in another trial with Moore's suspicion Rankins testified falsely in his trial. The court also found Moore had not shown the evidence probably would have changed the result of the trial.

We find no error in the district court's conclusions. The probative value of Moore's proposed evidence was "tenuous at best." *See State v. Knox*, 536 N.W.2d 735, 740 (Iowa 1995). There was no nexus between the newly-discovered evidence and Moore's criminal trial, and we find Moore did not meet his burden to show the result of the trial would have changed as a result of the evidence. *See More*, 880 N.W.2d at 499. "The standard for whether the evidence probably would have changed the result of the trial is a high one because of the interest in bringing finality to criminal litigation." *Id.*

**B.** Moore also claims the district court should have granted him postconviction relief based on his claim of newly-discovered evidence concerning

the criminal convictions of some of the witnesses in his case and the victim. The district court found, "Mr. Moore's claims regarding his trial counsel failing to impeach witnesses with prior convictions is not newly discovered." The prior convictions of the witnesses and Jones were discoverable at the time of Moore's criminal trial. We find no error in the district court's conclusion the evidence of the prior convictions was not newly-discovered evidence.

### III. Actual Innocence

Moore raises a freestanding claim of actual innocence. As part of this claim, Moore argues there was evidence some of the witnesses at his criminal trial testified untruthfully and conspired with each other while they were inmates at the Polk County jail. Moore asserts the testimony of Rankins negated his claim of self defense. Moore contends he was actually innocent of first-degree murder because he was acting in self defense.

The Iowa Supreme Court has stated:

> For an applicant to succeed on a freestanding actual-innocence claim, the applicant must show by clear and convincing evidence that, despite the evidence of guilt supporting the conviction, no reasonable fact finder could convict the applicant of the crimes for which the sentencing court found the applicant guilty in light of all the evidence, including the newly discovered evidence.

*Schmidt v. State*, 909 N.W.2d 778, 797 (Iowa 2018). In a freestanding claim of actual innocence, an applicant "is claiming he or she is factually and actually innocent." *Id.* "Factual and actual innocence requires an applicant to prove he or she was actually innocent of the offense for which he or she was convicted, including any lesser included offenses." *Dewberry v. State*, ___ N.W.2d ___, ___, 2019 WL 6633750, at *5 (Iowa 2019).

The district court found Moore did not present clear and convincing evidence to show "no reasonable fact finder could convict" him of first-degree murder. *See Schmidt*, 909 N.W.2d at 797. The court again noted the evidence claimed as newly-discovered evidence would not have been admissible at Moore's criminal trial because it involved multiple layers of hearsay. We find no error in the district court's conclusion Moore did not meet the standard necessary to prove his claim of actual innocence.

We affirm the district court's decision denying Moore's application for postconviction relief.

**AFFIRMED.**