# IN THE COURT OF APPEALS OF IOWA

No. 22-1040
Filed November 8, 2023

**BRETT SAMUEL DENNIS,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.
_____

Appeal from the Iowa District Court for Scott County, Patrick McElyea, Judge.

Brett Samuel Dennis appeals the dismissal of his application for postconviction relief. **AFFIRMED.**

John Audlehelm of Audlehelm Law Office, Des Moines, for appellant.

Brenna Bird, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Bower, C.J., and Ahlers and Chicchelly, JJ.

**CHICCHELLY, Judge.**

Dennis appeals the dismissal of his application for postconviction relief (PCR) following his guilty plea for attempted murder and second-degree robbery. He maintains dismissal was improper because the PCR court did not comply with statutory notice requirements pursuant to Iowa Code section 822.6 (2022). Because the PCR court complied with the relevant procedure and there were no additional notice requirements, we find no error in the dismissal of Dennis's PCR application.

### I.      Background Facts and Proceedings.

In late 2020, Dennis pled guilty to attempted murder and second-degree robbery. He timely appealed, properly challenging his sentences and claiming breach of the plea agreement. *See State v. Damme*, 944 N.W.2d 98, 100 (Iowa 2020) (allowing defendant who pled guilty to still appeal the sentencing portion). We concluded there was no breach of plea agreement and affirmed his sentences. *See State v. Dennis*, No. 20-1200, 2021 WL 3378684, at *5 (Iowa Ct. App. Aug. 4, 2021).

In early 2022, Dennis applied for PCR, contending once again that the plea agreement was breached. The State moved to dismiss, arguing Dennis's claim was barred by issue preclusion. The PCR court dismissed the application, concluding the issue had already been raised and adjudicated on direct appeal. Dennis now appeals, claiming the dismissal procedure was improper.

### II.     Review.

We review dismissals of PCR applications for correction of errors at law. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019). But "if the trial court's findings of

fact are supported by substantial evidence and the law was correctly applied," we must affirm. *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012) (citation omitted).

### III. Discussion.

Dennis contends the PCR court's procedure for dismissing his application was improper. Specifically, he argues the PCR court did not comply with the statutory notice requirements. Iowa Code section 822.6 provides two methods for summary disposition of a PCR application on the merits without a trial. *Manning v. State*, 654 N.W.2d 555, 559 (Iowa 2002). We review each separately.

Subsection 2 provides:

> When a court is satisfied, on the basis of the application, the answer or motion, and the record, that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings, the court may indicate to the parties its intention to dismiss the application and the reasons for dismissal. The applicant *shall be given an opportunity to reply* to the proposed dismissal.

Iowa Code § 822.6(2) (emphasis added). This disposition method applies for dismissal "*on the court's initiative*, and entitles the applicant to notice of the court's intention to dismiss the application and its reasons for dismissal." *Manning*, 654 N.W.2d at 559 (emphasis in original). While Dennis claims the PCR court dismissed his application sua sponte, we disagree. In its order for dismissal, the district court granted the State's motion to dismiss, even expressly stating its ruling is "based on . . . the motion to dismiss." This was not an action the PCR court took solely on its own volition.

Meanwhile, subsection 3 reads:

> The court may grant a motion *by either party* for summary disposition of the application, when it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law.

Iowa Code § 822.6(3) (emphasis added). This method is "analogous to the summary judgment procedure." *Manning*, 654 N.W.2d at 559 (quoting *Summage v. State*, 579 N.W.2d 821, 822 (Iowa 1998)); *compare* Iowa Code § 822.6(3) (allowing dismissal "when it appears . . . that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law"), *with* Iowa R. Civ. P. 1.981(3) (allowing dismissal upon a "show[ing] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law"). Because the PCR court's dismissal was in response to the State's motion to dismiss, it falls under subsection 3, which requires no additional notice.

The only issue Dennis raised in his PCR application was the same one he asserted on direct appeal, which was the breach-of-plea-agreement. We have already determined this argument is without merit. *See Dennis*, 2021 WL 3378684, at *5 (holding there was no breach of the plea agreement). "Issues that have been raised, litigated, and adjudicated on direct appeal cannot be relitigated in a postconviction proceeding." *Wycoff v. State*, 382 N.W.2d 462, 465 (Iowa 1986). Because the State met its burden of showing it was entitled to judgment as a matter of law, the PCR court did not err in dismissing Dennis's application.

Despite Dennis's vague assertion that he was prevented from resisting the dismissal of his PCR application,[1] he actually responded twice to the State's

---

[1] Dennis claims he was unable to resist pursuant to Iowa Code section 822.3A. This statute bars applicants represented by counsel from filing their own documents.

motion to resist.  Through counsel, Dennis filed both a traditional resistance and a "report to the court."  Neither document adequately addressed the State's issue-preclusion argument nor provided any relevant authorities.

> When a motion to dismiss a PCR application has been filed, proper service has been made on the nonmoving party, and the nonmoving party has been afforded an adequate time to respond and fails to do so, the court may summarily dismiss the application as a matter of default judgment.

*Weatherly v. State*, No. 14-1890, 2016 WL 1130043, at *2, n.1 (Iowa Ct. App. Mar. 23, 2016).  Therefore, we reject Dennis's argument.

### IV.    *Disposition.*

Because the PCR court did not err when it dismissed Dennis's PCR application, we affirm.

**AFFIRMED.**